STATE v. HARR et al., No. 3.—143 S. W. (2d) 893.

Eastern Section.    August 3, 1940.

Petition for Certiorari Denied by Supreme Court, October 19, 1940.

Roy H. Beeler, Attorney-General, Harry Phillips, Assistant Attorney-General, and T. J. Torbett, of Bristol, for the State.

E. M. Woolsey, of Bristol, and Howell H. Carr, of Blountville, for Mrs. Addie D. Harr.

AILOR, J.  The State of Tennessee filed its petition of condemnation through its Commissioner of Conservation for the purpose of acquiring a boundary of land belonging to Addie D. Harr and located in the Fifth Civil District of Sullivan County.  It sought to acquire the land for the purpose of establishing a park known as Steel Creek State Park, and which was to comprise in all about 3,000 acres of land.  The petition was filed on March 10th, 1939. On April 19th, 1939, an agreed order was entered in the cause,

appointing a jury of view and authorizing same to enter upon the land and assess the damages resulting from the taking of said land. A writ of inquiry issued the same day based on the agreed order, directing the sheriff to summon the jury of view agreed upon by the order. The jury so selected made its report on April 20th, 1939, reporting the lank taken to be worth $7,000.

Defendant was dissatisfied with the award of damages by the jury of view and preserved exceptions thereto, and perfected her appeal therefrom to the court, and demanded a jury to try the cause. Upon the trial of the cause before the court and jury a verdict in the amount of $8,200 was returned by the jury. On the same day that the jury returned its verdict an order was entered by the Circuit Judge setting aside to the State of Tennessee as of April 20th, 1939, the land in question, defendant having conceded the right of the State to appropriate same for the purposes in question. The Circuit Judge took under advisement the question of allowance of interest on the recovery and the time from which same would run. Thereafter an order was entered allowing interest from April 20th, the date of the appointment of the jury of view by consent order.

The State of Tennessee has prosecuted an appeal in the nature of writ of error to this court and has complained by appropriate assignment of error of the action of the Circuit Judge in allowing interest on the recovery from April 20th, 1939. It is insisted on behalf of the State that interest should have been allowed only from the date of the trial by the jury in the Circuit Court. The defendant also perfected an appeal to this court and has assigned errors. We notice first questions raised by the State.

Defendant did not resist the right of the State to take the property in question; she filed no answer to the petition for condemnation; but conceded in open court that petitioner had the right to take the property for the purposes in question, and the cause was proceeded with on that basis. The jury of view went upon the land on April 20th, 1939, and made its award of damages on the same day, the only question in controversy being the value of the land taken. The State did not take manual possession of the land at the time the jury of view made its report, and it is stipulated that it did not take manual possession of it prior to the verdict of the traverse jury. On the basis of this fact the State has assigned a single error. It is insisted that the trial judge erred in allowing interest on the recovery from April 20th, 1939, the date of the report of the jury of view, it being insisted that interest was not properly chargeable until the traverse jury returned its report on January 23d, 1940.

We are of opinion that the Circuit Judge properly allowed interest on the recovery from April 20th, 1939. On that date defendant voluntarily withdrew any objection which she might have had to the taking of her land, subject to her constitutional right to be

paid for same. The State had indicated its intention to take the land and exercise its rights of eminent domain; it had set in motion proceedings for determining the only remaining question, that of determining the amount it would have to pay. Nothing else remained to be done, and there was no obstacle in its way from exercising in full its right to manual possession of the land, while the defendant came into open court and voluntarily abandoned any and all right to possession of the land. If she retained possession of the land thereafter it was by sufferance and not by right, and we are of opinion that such possession was not such as to bar her right to demand and receive interest on the value of the land which the State had demanded and which she had conceded, subject alone to the right to be paid for same.

This question has been before the Supreme Court of this State, and it has been specifically held that the owner of property condemned by a county under eminent domain laws, the owner is entitled to interest from the date of the order of condemnation, even where an appeal is taken from the award of the jury of view; that the allowance of interest is not to be delayed even to the time of the return of the jury of view. Snowden v. Shelby County, 118 Tenn., 725, 102 S. W., 90.

So far as we have been able to find this holding has not been impaired by any subsequent holding of the Supreme Court. And counsel for the State cite no convincing authority for the insistence made. The cases of Alloway v. City of Nashville, 88 Tenn., 510, 13 S. W., 123, 8 L. R. A., 123; Railroad Co. v. Moggridge, 116 Tenn., 445, 92 S. W., 1114, and Cunningham v. Terminal Co., 126 Tenn., 343, 149 S. W., 103, Ann. Cas., 1913E, 1058, are relied upon as authority for the position taken in this case. Neither of the cases cited involved the direct question which was passed upon in the Snowden case, and only the case of Cunningham v. Terminal Co. was passed after the rule had been laid down in the Snowden case, and no attempt was made in the latter case to alter the rule. The Cunningham case involved the question of the time when appropriation of land became final with reference to the right of the condemnor to take a nonsuit and escape payment for the land. It was held that a nonsuit must be taken prior to the submission of the case to the jury in the Circuit Court, but this holding is not inconsistent with the holding in the Snowden case. It was held in the Snowden case that the taking became final so far as the question of interest was concerned upon the entry of the order of condemnation and appointment of a jury of view. Obviously the amount of the interest could not be finally determined on that date, but it would relate back to that time and be determinable as of the date of condemnation. Condemnation is defined as a sentence or judgment which condemns some one to do, to give, or to pay something, or which declares that

his claim or pretensions are unfounded. 15 C. J. S., Condemnation, page 807.

The effect of the order of condemnation in this case was to require defendant to give possession of the land, and only the question of the amount to be paid by the State remained. And when this was determined it related back to the date of condemnation, and date the order was entered requiring defendant to give possession. The fact that the State delayed taking manual possession was a matter entirely within its power, defendant had no control over it, and, therefore, could not be charged in any way with any duty in connection with the exercise of this authority by the State.

In brief and argument on behalf of the State much stress is placed upon the holding in Alloway v. City of Nashville, 88 Tenn., 510, 13 S. W., 123, 8 L. R. A., 123. An examination of that case discloses that the holding of the court was to the effect that interest should have been allowed from the time of the appropriation of the property. There is nothing inconsistent with the rule so announced and the conclusions which we have reached on the authority of the Snowden case. The effect of the rule announced in the Snowden case is that the appropriation is as of the date of the entry of the order of condemnation, that is the date upon which the right to take is determined. In event the right to take is resisted, the appropriation might be delayed until this question had been settled, but where the right to take is conceded, and an order of condemnation is entered, then the appropriation becomes complete, subject to final judgment which would relate back to the time of appropriation. We, therefore, conclude that the Circuit Judge properly fixed the time from which interest should be assessed, and that assignment of error on behalf of the State should be denied.

Defendant also assigned errors to the action of the trial judge in denying her motion for new trial. It is first insisted that the verdict of the jury was grossly inadequate, and out of harmony with the proof. Numerous witnesses were called as to the value of the property taken. These witnesses varied in their valuation of the property from aout $5,500 to $12,000; plaintiff's witnesses fixing the value of the land from $5,561 to $7,000, while defendant's witnesses fixed it from $8,500 to $12,000. The specific complaint made is that no witness fixed the value of the land at $8,250, the amount reported by the jury. It is insisted that there is no evidence to support this verdict, since no witness testified as to this amount.

■■ We think the insistence that the jury should have accepted the exact figures testified to by some witness is not tenable. The effect of such a verdict would be to discard the testimony of all of the witnesses except the one adopted. While it is the duty of the jury to take all of the evidence and weigh it, and then arrive at its verdict from the sum of all of the evidence, not by averaging the

various valuations of the different witnesses, but by giving due consideration to weight to be given their testimony in the light of their opportunity to properly appraise its value, their ability to so appraise it, their attitude and demeanor on the witness stand, etc. In other words it is necessary to take a comprehensive view of the evidence as a whole, and arrive at its verdict accordingly. And we are of opinion when viewed in the light of this rule, the verdict of the jury is well supported by the evidence, and that its award is reasonable compensation for the land taken.

██ ██ It is next insisted that the court improperly admitted the testimony of W. E. Fort as a witness for petitioner, on the ground that he was not familiar with land values in the community. This witness was offered as an expert appraiser of land values. He is shown to have been a land appraiser of long experience with the U. S. Department of Agriculture, and is shown to have made a thorough and careful study of the farm in question and its possibilities. Under the circumstances we think the objection, if any, to his testimony went to the weight of it rather than the admissibility of same. His possibility for appraising the value of the land and his opportunity of knowing its real value appeared from his testimony. Under the circumstances the jury was in position to properly weigh the value of his testimony, and apparently they were not unduly impressed by it, since their verdict is so much in excess of the value he placed upon it that it does not seem that they were influenced to any extent by his testimony. There is no showing of any injury resulting from the admission of this testimony, assuming that its admission was error. In any event no reversible error was committed, and this assignment must be overruled.

██ ██ It is next insisted that the court erred in excluding the testimony of two of defendant's witnesses, Decatur Burnette and John Newman. Neither of these witnesses claimed to be an expert on land valuations, and neither of them would say that they knew the value of the land in question. There is no showing in the record as to what valuation these witnesses would have testified to, and consequently no showing that the exclusion of their testimony prejudiced defendant in any event. It is well settled that this court will not reverse a judgment of the trial court for immaterial errors. Donnelly v. Jackson Bros., 2 Tenn. Civ. App., 408; Ransom v. State, 116 Tenn., 355, 96 S. W., 953.

We find no reversible error in the case, and same is affirmed.

Portrum and McAmis, JJ., concur.