[L. A. No. 25337. In Bank. June 5, 1959.]

BELLFLOWER CITY SCHOOL DISTRICT OF LOS ANGELES COUNTY, Appellant, v. CARL E. SKAGGS et al., Respondents.

Harold W. Kennedy, County Counsel, Richard L. Riemer, Richard A. Del Guercio and A. R. Early, Deputy County Counsel, for Appellant.

Stanley Mosk, Attorney General, Walter S. Rountree, Assistant Attorney General, Benjamin E. King, Henry K. Workman, Warren L. Abbott and Lester Ziffren, Deputy Attorneys General, Robert E. Reed, Chief Attorney, Department of Public Works, George C. Hadley, Assistant Chief Attorney, and Thomas M. Dankert as Amici Curiae on behalf of Appellant.

Holbrook, Tarr & O'Neill, W. Sumner Holbrook, Jr., Leslie R. Tarr and Richard L. Huxtable for Respondents.

Anson, Gleaves & Dowds and Milnor E. Gleaves as Amici Curiae on behalf of Respondents.

SPENCE, J.—Plaintiff school district appeals from an order allowing interest, from the date of entry of the interlocutory judgment, upon certain condemnation awards made in favor of the defendant property owners.

The action was brought to acquire portions of certain lots for the enlargement of an existing school site. An interlocutory judgment was entered on February 18, 1957. Plaintiff did not move for a new trial, appeal, or take steps seeking to have the judgment vacated or modified. Neither did it seek possession before title later became vested in it. It paid the principal awards and costs to the several property owners on various dates between March 20 and August 23, 1957. By agreement of the parties, these payments were conditionally accepted by

the property owners without waiver of their claimed right to accrued interest. On motion of the property owners, the court thereafter made an order fixing plaintiff's liability for interest on the principal awards from the date of entry of judgment until the dates of payment. Plaintiff appeals from this order, contending that no interest accrues on an interlocutory judgment in condemnation until 30 days after all possibility of direct attack thereon has been exhausted. In our opinion this contention cannot be sustained.

 Section 22 of article XX of the Constitution provides that rate of interest on any "judgment rendered in any court of the State shall be 7 per cent per annum."* In *People* v. *Superior Court,* 145 Cal.App.2d 683 [303 P.2d 628], an interlocutory judgment in condemnation was held to be a judgment within the meaning of this constitutional provision. It is implicit in the reasoning of that decision that interest should run from the date that the judgment is entered. The same conclusion is indicated in *Vallejo etc. R. R. Co.* v. *Reed Orchard Co.,* 177 Cal. 249, where it is said on pages 251-252 [170 P. 426] : "In [condemnation] proceedings the award constitutes a judgment in favor of defendant and against the plaintiff for the amount thereof, payment of which, unless the proceeding within the time be abandoned by plaintiff as provided in section 1255a of the Code of Civil Procedure, shall be made within 30 days after final judgment (Code Civ. Proc., § 1251), and in the absence of such payment of the money awarded or deposit thereof made in court, defendant may have execution to enforce the judgment as in civil cases. (Code Civ. Proc., § 1252.) In this respect the rights of defendant are substantially identical with those of a plaintiff recovering a money judgment against a defendant in a civil action." (See also *McDaniels* v. *Dickey,* 219 Cal. 89, 91-92 [25 P.2d 404].)

 We note that in ordinary civil cases a judgment bears interest from the date of its entry even though it is subject to direct attack. (*Glenn* v. *Rice,* 174 Cal. 269, 275-276 [162 P. 1020].)

 Plaintiff contends that the interlocutory judgment in condemnation should draw no interest until 30 days after it becomes final within the meaning of section 1264.7 of the Code of Civil Procedure. That section provides: "The term 'judgment' as used in this title means the judgment determining the right to condemn and fixing the amount of compen-

---

*Two unrelated amendments were adopted in 1934 and were given the same section number.

sation to be paid by the plaintiff. The term 'final judgment' as used in this title means such judgment when all possibility of direct attack thereon by way of appeal, motion for a new trial, or motion to vacate the judgment has been exhausted.'' Section 1264.7 was enacted three years after the adoption in 1934 of the above-mentioned constitutional mandate for the payment of interest on judgments. (Const., art. XX, § 22.) The code section does not purport to declare that a judgment bears interest only after it becomes final, nor could it so modify the Constitution. (*Cf. Pasadena University* v. *Los Angeles County*, 190 Cal. 786, 788 [214 P. 868].)

Plaintiff maintains, however, that section 22 of article XX applies only to judgments which create an absolute obligation to pay money and that, by virtue of sections 1251 and 1255a of the Code of Civil Procedure, no such obligation existed until 30 days after the interlocutory judgment became final under section 1264.7. Section 1251 provides: ''The plaintiff must, within thirty days after final judgment, pay the sum of money assessed. . . .'' By section 1255a, ''Plaintiff may abandon the proceedings at any time after filing the complaint and before the expiration of thirty days after final judgment. . . .''

We do not believe section 1255a has the effect plaintiff ascribes to it. ■ The interlocutory judgment determined the rights of the parties, giving plaintiff the right to take the property and fixing defendants' right to compensation for such taking. (*California S. R. R. Co.* v. *Southern Pac. R. R. Co.*, 67 Cal. 59, 63 [7 P. 123] ; *City of Los Angeles* v. *Aitken*, 32 Cal.App.2d 524, 527 [90 P.2d 377] ; *Lincoln Northern Ry. Co.* v. *Wiswell*, 8 Cal.App. 578, 581 [97 P. 536].) ■ It is true that at the date of its entry the judgment did not create a present and unqualified obligation to pay money (*Colusa etc. R. R. Co.* v. *Superior Court*, 31 Cal.App. 746, 750 [161 P. 1011]), and that the property owners' right to the award could have been defeated by plaintiff's exercise of its power to abandon the proceedings. But after the time for abandonment had passed, defendants' rights ''sprang not from the failure of the plaintiff to exercise its privilege but from the judgment. ■ In other words, the judgment from its inception gave the defendant[s] the right to receive the amount awarded . . . and the plaintiff in the action the right to take the property, and to this judgment the right to receive interest and the obligation to pay interest attached as it would attach to any other money judgment; and it was the obligation of this

judgment—that is, the obligation to pay principal plus interest—that the plaintiff . . . was given the right to avoid and to assume a new and different obligation, by section 1255a. . . . When [plaintiff] waived the right or privilege granted to it by section 1255a, that section ceased to have any effect and the situation then was no different than if the right or privilege had never existed.'' (*People* v. *Superior Court, supra,* 145 Cal.App.2d 683, 688.) ▮▮ Plaintiff relies on *City of Los Angeles* v. *Aitken, supra,* 32 Cal.App.2d 524, and *County of Los Angeles* v. *Lorbeer,* 158 Cal.App.2d 804 [323 P.2d 542], as establishing that a judgment in condemnation bears interest only from the time the power to abandon expires. The Aitken case is not controlling, for the property owners there did not claim that interest ran from an earlier date. To the extent that the Lorbeer case is in conflict with the views here expressed, it is disapproved.

▮ Section 1251 of the Code of Civil Procedure grants a stay of execution for the convenience of the condemner. Such a stay cannot preclude the accrual of interest on an obligation which is ''fixed and is not subject to diminution or modification by the lapse of time.'' (*Southern Public Utility Dist.* v. *Silva,* 47 Cal.2d 163, 166 [301 P.2d 841]; see also *People* v. *Superior Court, supra,* 145 Cal.App.2d 683, 687-688.)

The order is affirmed.

Gibson, C. J., Shenk, J., Traynor, J., Schauer, J., McComb, J., and Peters, J., concurred.

Appellant's petition for a rehearing was denied July 1, 1959.