[Civ. No. 6373. Fourth Dist. Jan. 27, 1961.]

CAPISTRANO UNION HIGH SCHOOL DISTRICT OF ORANGE COUNTY, Appellant, v. CAPISTRANO BEACH ACREAGE COMPANY (a Corporation), Respondent.

Stephen K. Tamura, County Counsel, Angelo J. Palmieri, John C. Sample and Adrian Kuyper, Assistant County Counsel, for Appellant.

Louis C. Viereck, Jacobs, Jacobs, Witmer & Nelson and M. Lyle Nelson for Respondent.

COUGHLIN, J.—The question for determination on this appeal is whether upon dismissal of an eminent domain proceeding after entry of an interlocutory judgment directing

condemnation upon the payment of a specified sum, the court may award to the condemnee interest on the amount of compensation so fixed for the period of time during which proceedings to enforce such judgment or obtain a dismissal were stayed.

The plaintiff, appellant herein, brought an action in eminent domain against the defendant, the respondent herein; an interlocutory judgment therein was entered on January 9, 1959, directing condemnation of the defendant's property upon the payment of $280,140. The plaintiff had only $55,911.82 available and, on January 8, 1959, pursuant to the provisions of section 1251 of the Code of Civil Procedure, moved for a one-year extension of time within which to pay the amount of compensation awarded. The motion was granted and the period for payment was extended to January 6, 1960. However, during the extended period the plaintiff made no payment on the judgment, and on January 28, 1960, pursuant to the provisions of section 1255a of the Code of Civil Procedure, the defendant moved for a dismissal, for costs, disbursements and attorney's fees, and also for interest on the judgment from the date of entry. The plaintiff joined in the motion for a dismissal; made no opposition to the demand for costs, disbursements and attorney's fees; but resisted the application for interest. The time for appeal, motion for new trial or to vacate the judgment had passed, and it was final. At all times the subject property remained in possession of the defendant. The court granted the motion; entered a judgment of dismissal; and decreed recovery by the defendant of costs and disbursements in the sum of $2,760, of attorney's fees in the sum of $9,500, and also of interest on the interlocutory judgment for a period of one year, amounting to the sum of $19,609.80. The plaintiff appeals from that part of the judgment awarding interest.

 An interlocutory judgment in an eminent domain proceeding fixing the compensation payable to a condemnee has the characteristics of a money judgment in an ordinary civil action and bears interest from date of entry. (*Bellflower City School Dist.* v. *Skaggs,* 52 Cal.2d 278, 282 [339 P.2d 848]; *Vallejo etc. R.R. Co.* v. *Reed Orchard Co.,* 177 Cal. 249, 251 [170 P. 426]; *People* v. *Superior Court,* 145 Cal.App.2d 683, 688 [303 P.2d 628]; *City of Los Angeles* v. *Aitken,* 32 Cal.App.2d 524, 529-531 [90 P.2d 377].) The amount of such an award must be paid within 30 days after it becomes final (Code Civ. Proc., § 1251); provided, however, if the

condemner is the state or a public corporation the equivalent of a stay of execution may be obtained upon proper showing. (Code Civ. Proc., § 1251; *Bellflower City School Dist.* v. *Skaggs, supra,* 52 Cal.2d 278, 282; *People* v. *Superior Court, supra,* 145 Cal.App.2d 683, 687.) ▮ As an alternative, the condemning party may abandon the proceeding at any time before the expiration of the aforesaid 30-day period. (Code Civ. Proc., § 1255a.) ▮ In doing so it avoids the obligation imposed by the judgment and assumes "a new and different obligation" imposed by the statute which permits such abandonment and authorizes entry of a judgment of dismissal together with an award for costs and disbursements including attorney's fees. (*People* v. *Superior Court, supra,* 145 Cal.App.2d 683, 688; *Bellflower City School Dist.* v. *Skaggs, supra,* 52 Cal.2d 278, 281; Code Civ. Proc., § 1255a.) The obligation of the judgment is "the obligation to pay principal plus interest." (*People* v. *Superior Court, supra,* 145 Cal.App.2d 683, 688; *Bellflower City School Dist.* v. *Skaggs, supra,* 52 Cal.2d 278, 283.) ▮ If the condemner does not exercise its privilege to abandon the proceedings within the 30-day period the right of the condemnee under the judgment to receive the amount awarded becomes absolute. To this judgment the right to receive interest and the obligation to pay interest attaches "as it would attach to any other money judgment." (*People* v. *Superior Court, supra,* 145 Cal.App.2d 683, 688.) The right to interest springs from the judgment. (*People* v. *Superior Court, supra,* 145 Cal.App. 2d 683, 688.) ▮ On the other hand, even though the condemner does not abandon the proceedings within the 30-day period, if it "fails to pay the amount of award (either directly to the defendant or by deposit in court for his benefit) within the time limited therefor, the condemnee has the option of enforcing the judgment as best he may or of treating such nonpayment as an implied abandonment." (*Southern Public Utility Dist.* v. *Silva,* 47 Cal.2d 163, 166-167 [301 P.2d 841].) In the latter event a dismissal may be entered. (Code Civ. Proc., § 1255a.) Such a dismissal carries with it, by statutory provision, the imposition of an award in favor of the condemnee for costs and disbursements, including attorney's fees. (Code Civ. Proc., § 1255a.)

▮ The defendant herein followed the latter course; made its motion for dismissal under the provisions of section 1255a of the Code of Civil Procedure; and requested not only

an award for costs and disbursements, including attorney's fees, but also that it be paid interest on the amount awarded by the interlocutory judgment from date of entry thereof to date of dismissal. The court decreed payment of this interest but limited the amount thereof to the one-year period covered by the statutory stay of execution.

Upon the happening of an implied abandonment, section 1255a of the Code of Civil Procedure authorizes the court to enter a judgment "dismissing the proceeding and awarding the defendants their costs and disbursements, which shall include all necessary expenses incurred in preparing for trial and reasonable attorney fees." This statute measures the full authority of the court in a proceeding to dismiss on account of the implied abandonment by the condemner. From the observations heretofore made with respect to pertinent applicable legal principles, it is apparent that the condemnee's right to interest springs from the judgment. As indicated, the right to receive interest and the obligation to pay interest is *attached* to the judgment. (*People* v. *Superior Court, supra,* 145 Cal.App.2d 683, 688.) In considering such right or obligation statements referring to the "accrual of interest *on* an obligation" (*Bellflower City School Dist.* v. *Skaggs, supra,* 52 Cal.2d 278, 282), a "money judgment to which interest *attaches* as an incident" (*People* v. *Superior Court, supra,* 145 Cal.App.2d 683, 691), " 'interest *upon* final judgments'," " 'interest *upon* all judgments recovered' " (*City of Los Angeles* v. *Aitken, supra,* 32 Cal.App.2d 524, 531), and that "a judgment *bears* interest" (*Bellflower City School Dist.* v. *Skaggs, supra,* 52 Cal.2d 278, 280) relate the dependency of a recovery of interest upon the existence of a money judgment. (Emphasis added.) Simultaneously with dismissal of the instant eminent domain proceeding, the interlocutory judgment therein ceased to exist and an award permitting the recovery of interest thereon was not authorized. The condemner is given the right to pay the judgment with interest and acquire the property, providing it acts within the time fixed by law. In the event the condemner does not proceed under the judgment, the condemnee is given the right to enforce the same and require payment of the award therein decreed together with interest. On the other hand, either of the parties may waive enforcement of the judgment. The condemner may do so by abandoning the proceedings within the 30-day period and assume the "new and different obligation"

imposed by section 1255a of the Code of Civil Procedure upon a dismissal. (*People* v. *Superior Court, supra,* 145 Cal.App. 2d 683, 688.) The principles governing the rights and obligations incident to a dismissal upon an actual abandonment by a condemner, by analogy, should govern the rights and obligations incident to a dismissal upon an implied abandonment. The fact that the actual abandonment must occur within 30 days after final judgment whereas the implied abandonment occurs thereafter, either upon the expiration of the 30-day period or the extended one-year period, is of no legal consequence. Therefore, if the condemnee wishes to waive its right to enforce the judgment after failure of the condemner to proceed within the time required by law, it may move for a dismissal of the proceedings, in effect cause the judgment to be set aside, and charge the condemner with the "new and different obligation" imposed by section 1255a of the Code of Civil Procedure. (*People* v. *Superior Court, supra,* 145 Cal.App.2d 683, 688; *Southern Public Utility Dist.* v. *Silva, supra,* 47 Cal. 2d 163, 166.) The obligation which is imposed upon the condemner by the statute at the time of dismissal, in either instance, is the obligation to pay the condemnee's costs and disbursements, including attorney's fees. The statute does not impose an obligation to pay interest on the interlocutory judgment either as damages or otherwise. A "familiar rule of construction is that where a statute enumerates things upon which it is to operate it is to be construed as excluding from its effect all those not expressly mentioned." (*Shelby* v. *Southern Pacific Co.,* 68 Cal.App.2d 594, 599 [157 P.2d 442]; *In re Peart,* 5 Cal.App.2d 469, 472 [43 P.2d 334]; *cf.* generally 45 Cal.Jur.2d 639.)

In support of its position the defendant cites a number of cases to the effect that a condemnee is entitled to full compensation for property taken from him in an eminent domain proceeding including any loss after judgment resulting from the status of inertia attaching to that property because of the condemner's delay in the exercise of the right of acquisition afforded by the judgment, and, for this reason, hold that interest thereon should be allowed. (*Shoshone Tribe of Indians* v. *United States,* 299 U.S. 476 [57 S.Ct. 244, 81 L.Ed. 360]; *United States* v. *Creek Nation,* 295 U.S. 103 [55 S.Ct. 681, 79 L.Ed. 1331]; *Seaside Improvement Co.* v. *Commissioner of Int. Rev.,* 105 F.2d 990; *United States* v. *164.25 Acres of Land,* 159 F.Supp. 728; *Clark* v. *Cox,* 134 Conn. 226 [56 A.2d

512]; *State* v. *Harr*, 24 Tenn.App. 298 [143 S.W.2d 893].) Similar concepts are considered in *People* v. *Superior Court, supra,* 145 Cal.App.2d 683, 691 and *City of Los Angeles* v. *Aitken, supra,* 32 Cal.App.2d 524, 532. None of these cases involved a dismissal. Each of them considered a situation involving enforcement of a judgment of condemnation, and are not applicable to the case at bar.

We conclude that the award of interest to the defendant in the judgment of dismissal was error. We make no determination respecting the question whether a condemnee, after an abandonment subsequent to judgment, is entitled to compensation for loss, if any, resulting from a delay after judgment during which its right of enforcement or to effect a dismissal is stayed. The right to such compensation, if any, as well as the extent thereof are not matters litigable upon a motion to dismiss pursuant to the provisions of the code section in question.

That part of the judgment from which the appeal is taken is reversed and the trial court is directed to strike from the judgment entered herein the provision awarding the defendant interest on the interlocutory judgment in the sum of $19,609.80. Other parts of the judgment remain in full force and effect. Appellant will recover costs on appeal.

Griffin, P. J., and Shepard, J., concurred.

A petition for a rehearing was denied February 17, 1961, and respondent's petition for a hearing by the Supreme Court was denied March 22, 1961. Schauer, J., was of the opinion that the petition should be granted.