TAMURA, J.
 

 Defendant appeals from a judgment adjudging that it suffered no damage when the state obtained an order of immediate possession of certain access rights to a parcel of land owned by defendant and subsequently abandoned the proposed acquisition before trial.
 

 Plaintiff filed an action in eminent domain to acquire several parcels of land, including 3,094.79 lineal feet of access rights (leaving an access opening at each end) to a 63-acre parcel of undeveloped land owned by defendant and obtained an order of immediate possession. Subsequently plaintiff filed an amendment to the complaint deleting the access rights. Following a trial on the remaining parcels, the court determined that the amendment constituted an abandonment of the access rights and, in accordance with the stipulation of the parties, ordered that plaintiff pay defendant attorney and appraisal fees in the amounts agreed upon by the parties and directed that “the issue of damages, if any, by the possession of the access . . . for the period December 12, 1962, to March 10, 1965,” be tried by the same judge, without a jury, who tried the principal action.
 

 At the trial on the issue of damages, defendant's appraiser testified that the topography of the 63-acre parcel was such that the access points reserved in the order of possession were the only practical access but they were inadequate for the development of the property to its highest and best use, namely, estate type residential development. In his opinion the fair market value of the 63 acres in its “before” condition was $5,000 per acre and in the “after” condition $2,000 per acre so that had the access rights been permanently taken, the damage to the 63-aere parcel would have been $189,000. From this he testified that in his opinion the damage to the 63-acre parcel for the effective period of the order of immediate possession (2 years and 3 months) was equal to 7 percent interest on $189,000 for that period, or $29,767.
 

 Plaintiff’s appraiser testified that the highest and best use of the 63 acres ivas low density residential development some 5 or 10 years hence. He testified that development would be costly because of the terrain and the necessity of providing water and other utility services. In his opinion the fair market .value of the property in the “before” condition was $500
 
 *200
 
 per acre and in the "after” condition $250 per acre. In his opinion the access rights to the property for the effective period of the order of possession had no market value because any development of the remainder would not occur for 5 or 10 years. He further testified that there was no rental market for the property in the interim.
 

 There was evidence that the state had not constructed any fences or placed any physical barriers between the highway and the 63-acre parcel.
 

 The court found that the 63-acre parcel was unimproved property and that defendant suffered no damages by reason of the order of immediate possession.
 

 Section 1255a subdivision (d) of the Code of Civil Procedure provides that where the condemnor abandons the proceeding after taking immediate possession the court "shall make such provision as shall be just for the payment of damages arising out of the plaintiff’s taking and use of the property and damages for any loss or impairment of value suffered by the land and improvements after the time the plaintiff took possession. ...”
 

 Defendant contends that the order of possession constituted a taking and that the eondemnee was therefore entitled to just compensation therefor. Prom this premise it argues that "just compensation” requires the payment of statutory interest for the effective period of the order of immediate possession on the amount which would have been awarded had the access rights been permanently taken, citing
 
 People
 
 ex rel.
 
 Dept. of Public Works
 
 v.
 
 Loop,
 
 161 Cal.App.2d 466 [326 P.2d
 
 902]; Metropolitan Water Dist.
 
 v.
 
 Adams,
 
 16 Cal.2d 676 [107 P.2d 618];
 
 City of San Rafael
 
 v.
 
 Wood,
 
 144 Cal.App.2d 604 [301 P.2d 421].
 

 The cases upon which defendant relies are not controlling. In those cases an interlocutory judgment of condemnation had been entered and the question was whether interest should be awarded on the judgment from the date of the order of possession. The rule of those cases allowing interest on the judgment from the date of the order of immediate possession is now codified in section 1255b of the Code of Civil Procedure.
 

 The right to interest springs from the judgment.
 
 (Capistrano Union High School Dist.
 
 v.
 
 Capistrano Beach Acreage Co.,
 
 188 Cal.App.2d 612, 615. [10 Cal.Rptr. 750, 92 A.L.R.2d 349])
 
 People
 
 ex rel.
 
 State Park Co. v. Johnson,
 
 203 Cal.App.2d 712, 722 [22 Cal.Rptr. 149].) In the instant
 
 *201
 
 case, the state having abandoned the action, defendant’s right to interest on the damages it would have suffered had the access rights been permanently taken never materialized. By abandoning the action the state’s obligation was limited to that provided by section 1255a subdivision (d). That section does not impose an obligation to pay, as theoretical damages or otherwise, interest on the damages which the condemnee would have suffered had the property been permanently taken. (See
 
 Capistrano Union High School Dist.
 
 v.
 
 Capistrano Beach Acreage Co., supra,
 
 188 Cal.App.2d 612.)
 

 In the instant case there was substantial evidence that the 63-acre undeveloped parcel of land suffered no loss or impairment of value by reason of the order of possession. Moreover, there was evidence that plaintiff made no use of the access rights either by fencing or placement of any other physical barrier.
 

 The judgment is affirmed.
 

 McCabe, P. J., and Kerrigan, J., concurred.