[Civ. No. 4879. Fifth Dist. Jan. 22, 1981.]

COUNTY OF MADERA, Plaintiff and Respondent, v.
LINTON E. FORRESTER, Defendant and Appellant.

58

**COUNSEL**

Maurice E. Smith for Defendant and Appellant.

Mark A. Wasser, County Counsel, for Plaintiff and Respondent.

## Opinion

**HOPPER, Acting P. J.**—In this case we consider alleged errors in the determination of litigation expenses and damages following an abandonment of an eminent domain action.

The County of Madera (hereinafter County) in January 1977 initiated a condemnation action (for sewage disposal purposes) with respect to certain property. A jury verdict was duly entered and judgment on the verdict was duly entered on December 2, 1978, determining that the property had a total value of $364,000. Appellant (hereinafter Forrester) was the owner of an undivided one-half interest, i.e., valued at $182,000. On January 9, 1979, County abandoned the action. Forrester filed a cost bill together with a motion to retake possession (County having taken prejudgment possession on Jan. 10, 1977) and a request that damages caused by County's possession be fixed. After hearing, the motion for possession was granted. The matters of costs, damages and litigation expenses were deferred until a further hearing. On April 4, 1979, an order awarding certain litigation expenses and damages was filed. Forrester appeals from that order[1] contending that the trial court erred in the award of damages and litigation expenses. Forrester also contends the court abused its discretion in the award of attorney fees.

### Litigation Expenses

■    Forrester maintains that the trial court erred in refusing to allow $2,640 as "litigation expenses," claimed to be due on the theory Forrester testified as an expert witness at trial. He also claims a right to reimbursement for expenses such as telephone calls, travel, motel rooms and food. The major component in these latter items is the time Forrester spent.[2]

---

[1]Where, as here, there is an abandonment following a judgment fixing the value of property in an eminent domain action, the order determining litigation expenses is appealable as an order after judgment (Code Civ. Proc., § 904.1, subd. (b); see also *City of Los Angeles* v. *Aalbers* (1977) 67 Cal.App.3d 80, 82 [136 Cal.Rptr. 396]). The fact that matters may come before the trial court after litigation expenses have been determined and an appeal taken from that order does not mean the order determining litigation expenses becomes a nonappealable order.

[2]For example, Forrester claims his expense for telephone calls is $523.69. Of that sum $375 is sought for time spent talking on the telephone.

Code of Civil Procedure[3] section 1268.610 provides in relevant part: "(a) Subject to subdivision (b), the court shall award the defendant his litigation expenses whenever:

"(1) The proceeding is wholly or partly dismissed for any reason; or

"
.    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .

"(c) Litigation expenses under this section shall be claimed in and by a cost bill to be prepared, served, filed, and taxed as in a civil action. If the proceeding is dismissed upon motion of the plaintiff, the cost bill shall be filed within 30 days after notice of entry of judgment."

Section 1235.140 provides: "'Litigation expenses' includes both of the following:

"(a) All expenses reasonably and necessarily incurred in the proceeding in preparing for trial, during trial, and in any subsequent judicial proceedings.

"(b) Reasonable attorney's fees, appraisal fees, and fees for the services of other experts where such fees were reasonably and necessarily incurred to protect the defendant's interests in the proceeding in preparing for trial, during trial, and in any subsequent judicial proceedings whether such fees were incurred for services rendered before or after the filing of the complaint."

The contentions are without merit. First, Forrester has failed to demonstrate from the record before us that he did in fact testify as an expert rather than as an owner under Evidence Code section 813. The trial court did not state that appellant had testified as an expert. The court stated: "I fully realize that you felt that you had qualified Mr. Forrester as an appraiser. I think I still have to look at it from the standpoint that he is an owner."

Forrester has not provided this court with the reporter's transcript of the trial. The fact that an owner's testimony on value must meet the same criteria of admissibility as an expert's (*Sacramento & San Joaquin Drainage Dist.* v. *Goehring* (1970) 13 Cal.App.3d 58, 65 [91 Cal.Rptr. 375]) does not mean the owner is an expert. Forrester has

---

[3]All code references unless otherwise stated are to the Code of Civil Procedure.

failed to demonstrate that he did testify as an expert, and not as an owner under Evidence Code section 813.

Second, unlike other expert witness fees, this fee was never truly incurred. The trial court stated that it was unaware of "...any authority which entitles an owner, whether testifying as an expert or otherwise, to recover appraisal fees for testimony given in his own behalf." Nor are we aware of any such authority. Section 1235.140, subdivision (a), the statutory authority cited by Forrester, uses the word "incurred." We conclude that there was no intent to expand the term "litigation expenses" to include reimbursement for the time an owner spends in preparing and presenting his own testimony.[4] "Litigation expenses" means costs plus attorney fees and expert witness fees (§ 1235.140; see *County of Los Angeles* v. *Ortiz* (1972) 6 Cal.3d 141 [98 Cal.Rptr. 454, 490 P.2d 1142, 68 A.L.R.3d 538]; *Coachella Valley County Water Dist.* v. *Dreyfuss* (1979) 91 Cal.App.3d 949 [154 Cal.Rptr. 467]). While section 1268.610 expands the scope of protection given condemnees by awarding litigation expenses if there is a dismissal for any reason, we find no legislative intent to expand the term "litigation expenses" substantially beyond the term "recoverable costs and disbursements," as defined in the second sentence of former section 1255a, subdivision (c). (See 13 Cal. Law Revision Com. Rep. (1976) pp. 1076, 1243-1244.) We note the comment to section 1235.140 states in part: "The definition provided in Section 1235.140 is the same in substance as the second sentence of former Section 1255a (c)." (*Id.*, at p. 1076.) Simply stated, "litigation expenses" does not include reimbursement for time spent by Forrester preparing for, and during, litigation.

For the above stated reasons Forrester is also not entitled to expenses claimed for telephone calls, travel, motel rooms and food. There has been no substantive change with respect to items previously covered in former section 1255a, subdivision (c).

### DAMAGES

Forrester next argues that the trial court erred in its award of damages.[5] He claims he suffered $211,400 damages as follows: $72,800

---

[4]Part 3, title 7 of the Code of Civil Procedure (Eminent Domain Law, § 1230.010 et seq.) was enacted in 1975. The predecessor of section 1235.140 is found in former section 1255a, subdivision (c).

[5]Section 1268.620 provides for damages if a condemner has taken prejudgment possession of the property and later dismisses the action. The section provides: "If, after

for loss of use of the land (arrived at by computing 10 percent of the value of the entire parcel for 2 years); $6,000 to buy a new reservoir site; $132,000 in projected additional costs to buy extra 10-inch pipeline; and $600 for time spent finding a new reservoir site.

The contention is without merit. The trial court correctly concluded that Forrester had been deprived of the use of the land for two years and correctly determined that Forrester's damage was the sum which Forrester could have received by using the land during that period. Forrester was not going to sell the land and invest the proceeds. Indeed, he alleges he was going to use at least a part of the property as a reservoir. The parties stipulated that the highest and best use of the land on the date when the county took possession was leasing the land for cattle grazing. They further stipulated the property could be leased for $860 per year.[6] The court, however, felt the sum of $860 per year was too low and concluded the reasonable rental value was $2,500 per year. Forrester was deprived of the use of his property. He was not deprived of the use of cash. He never possessed the property's value—he possessed the property. The court correctly awarded that sum which represented the loss Forrester suffered; $5,000 for loss of rent for two years. (Cf., *People* ex rel. *Dept. of Pub. Wks.* v. *Campus Crusade for Christ, Inc.* (1967) 255 Cal.App.2d 202, 204-205 [63 Cal.Rptr. 67].)

With respect to the cost of buying the new reservoir site, the trial court properly noted this expense was not a compensable loss in this case. Equity would dictate (and § 1268.620 tells the trial court to "make such provision as shall be just ...") that Forrester should sell the land he purchased before claiming the difference in cost and resale as a loss, or, perhaps, show that County's use and possession of his property for two years has so damaged his land that it is impossible to now use the land as was originally contemplated. Forrester has never alleged that his land was damaged or that he could sell the newly purchased land only at a loss. The court found a sale would bring a

the defendant moves from property in compliance with an order or agreement for possession or in reasonable contemplation of its taking by the plaintiff, the proceeding is dismissed with regard to that property for any reason or there is a final judgment that the plaintiff cannot acquire that property, the court shall:

"(a) Order the plaintiff to deliver possession of the property to the persons entitled to it; and

"(b) Make such provision as shall be just for the payment of all damages proximately caused by the proceeding and its dismissal as to that property."

[6]County does not dispute the court's figure. It agrees the figure is reasonable.

profit and therefore no loss (damage) on the purchase of this new land would have accrued. ·

Forrester asserts that the sums he would have to pay for additional 10-inch pipe were denied by the trial court as being uncompensable. Not so. The reason for denying this item of alleged damage was that the trial court was shown no actual damage other than loss of rental value. For *that* reason the court properly restricted the damage award to loss of rent. The trial court held (and we agree with the trial court) that the offer of proof on why these proceedings had caused, or would cause, Forrester to have to buy additional pipeline was deficient.[7]

The $600 item is essentially like the expenses for time claimed and discussed *supra* under litigation expenses and is found to be without merit for the same reasons. Section 1268.620 does not encompass this type of loss. Even if this sum were recoverable, as noted by the trial court, Forrester has not shown the eminent domain proceedings caused the need for an alternative reservoir site.

We agree with Forrester's argument that damages for abandonment pursuant to section 1268.620 include all damages proximately caused by the proceedings. However, Forrester has not shown he suffered any damage other than loss of rental value. There was no error in the determination of damages.

---

[7]The court noted: "[T]he offer of proof failed to show that Forresters have sustained any actual damage. It was conceded that the water line has not been installed. There was no explanation as to why it is necessary to connect Forresters' existing well adjacent to the subject property with a reservoir site over two miles away rather than construct a new well adjacent to the reservoir site. Assuming that Forresters' existing water storage tanks have become inadequate, there was no evidence offered to show that was caused by this proceeding. Also, there was no showing that the ... abandonment has jeopardized Forresters' application for a Proposition 3 loan. Furthermore, there was no showing concerning the amount of these 'damages' that would be covered by the Proposition 3 loan funds.

"Additionally, it is undisputed that no reservoir exists on the subject property. There has been no showing that a reservoir was ever proposed for that location. The fact that no reservoir existed on the date [County] took possession indicates it was not necessary at that time. The circumstances that have caused it to become necessary since that time are not clear. The Court is convinced, however, that the reasons are unrelated to this proceeding or [the] abandonment."

At oral argument Forrester asserted the trial judge accepted the offer of proof. Our reading of the record is to the contrary.

## ATTORNEY FEES

■   Forrester's final argument is that the trial court improperly set attorney fees. We disagree.

Forrester and his attorney had a contingent fee agreement which provided for a percentage of the sum, if any, recovered over an offer of $86,580 made by the County.

The trial court did not determine attorney fees on the basis of the agreement. Rather, the court found reasonable attorney fees to be in the sum of $21,000. We find no abuse of discretion in this award. There was no need for the court to consider the contingency agreement. There were no provisions in that agreement with respect to fees upon an abandonment. The contingency set forth in the fee agreement never occurred.[8] Even if it be error to not at least consider the contingent fee agreement in determining the amount of attorney fees, it was harmless error here (Cal. Const., art. VI, § 13).

Forrester contends the trial court abused its discretion by "repeatedly reciting its belief that the court was bound by the reasonable value *to the county* who pays the fees rather than the fees as cost to the abandoned landowners or the value to them." We find nothing in the record showing that the court so felt. We agree that a reasonable attorney fee relates to the services of the attorney to the condemnee and not to the condemner. However, we cannot say that the fees awarded here were improper.

■   The amount of the award of attorney fees is within the sound discretion of the trial court. (*State of California* v. *Westover Co.* (1956) 140 Cal.App.2d 447, 450 [295 P.2d 96].) By examining the factors set forth in *Westover*, it is apparent that the fee granted in the instant case is quite reasonable. For example: the trial court noted that the proceeding involved unimproved land in a sparsely developed area; no severance damages were at stake; all objections to the necessity and County's right to take were waived; the only issue was valuation; each

---

[8]County has not cross-appealed from the awarding of attorney fees. We therefore do not have before us the question of whether any fees were "incurred" since the contingent fee agreement made no provision for fees in the event of abandonment. (Cf. *Merced Irrigation Dist.* v. *Woolstenhulme* (1971) 4 Cal.3d 478, 504-505 [93 Cal.Rptr. 833, 483 P.2d 1], and cases cited therein.)

side called only one appraiser and the appraisal theories were not novel or sophisticated; the trial occupied five days.

The court felt 300 hours was a reasonable measure of the time reasonably and necessarily invested. The court found a rate of $70 per hour to be a reasonable rate of compensation for attorneys of the experience, knowledge and professional standing of Forrester's attorney. Forrester has failed to demonstrate that the court abused its discretion.

Judgment is affirmed. Appellant is awarded costs on appeal. (Code Civ. Proc., § 1268.720.)

Zenovich, J., and Stone (W. A.), J.,* concurred.

*Assigned by the Chairperson of the Judicial Council.