[No. B009683. Second Dist., Div. Seven. Mar. 27, 1986.]

THE PEOPLE ex rel. DEPARTMENT OF TRANSPORTATION et al.,
Plaintiffs and Respondents, v.
UNION PACIFIC LAND RESOURCES CORPORATION et al.,
Defendants and Appellants.

308

**COUNSEL**

Hill, Farrer & Burrill, William M. Bitting, Kevin H. Brogan and Darlene B. Fischer for Defendants and Appellants.

Gordon S. Baca, Joseph A. Montoya, Anthony J. Ruffolo and Robert W. Vidor for Plaintiffs and Respondents.

**OPINION**

**THOMPSON, J.**—In this case we determine that where a public agency, after entry of judgment but before taking possession, timely abandons an eminent domain proceeding, in whole or in part, the landowner is not entitled to receive interest on the award for the abandoned portion from the date of entry of the judgment until entry of the dismissal order. Defendants Union Pacific Land Resources Corporation, Los Angeles & Salt Lake Railroad Company, Southern Pacific Transportation Company and the Atchison, Topeka, and Santa Fe Railway Company (Railroads) appeal from an order of the superior court denying them interest on the portion of a judgment award for property originally sought to be acquired by the City of Los Angeles (City) where the eminent domain proceeding for that piece of property was abandoned.

The People of the State of California acting by and through the Department of Transportation (State) and the City commenced eminent domain proceedings against the Railroads in January 1982 for approximately 52 acres of property known as the Los Angeles Union Station Passenger Terminal. In the first cause of action, the State sought to acquire approximately 1.8 acres for an extension of the El Monte Busway (busway). In the second cause of action, the City sought to acquire the remaining Union Station terminal property (station) for cultural and historical landmark and transportation purposes. At trial, the State and City sought two alternative valuations, one for the entire property and another for only the busway portion.

The judgment in condemnation, entered on February 14, 1984, assessed the value of the entire property at $84.7 million and the value of the busway

taking alone at $3,670,000. It further provided that in the event the second cause of action for the remaining station property was abandoned, the busway portion would be condemned to the State upon payment into court of $3,271,458 plus interest.[1] On April 4, the State and City filed a notice of abandonment of the proceeding insofar as it sought to acquire the remaining station property as described in the second cause of action. Thereafter, the State deposited the $3,271,458 for the busway.

The Railroads then moved on June 21, 1984, for dismissal of the second cause of action, postjudgment interest at 10 percent on the sum of $84.7 million awarded for the property abandoned and prejudgment interest at 7 percent on the busway parcels from the date of prejudgment possession, October 1, 1983, to the date of deposit, April 12, 1984. In addition to granting the motion to dismiss, the court granted the motion for prejudgment interest with an offset for rents the Railroads had received attributable to the busway, taking in the total amount of $73,766. The court denied the motion for postjudgment interest for the abandoned station property described in the second cause of action. This appeal by Railroads followed.

### Discussion

Railroads contend that even though the eminent domain proceedings with respect to the station property were abandoned after judgment and the property was never acquired, they are entitled to interest on the original judgment award in condemnation for that station property from the date of entry of that judgment until the order of dismissal. We disagree.

The trial court properly refused to award the railroads interest on the judgment in condemnation which no longer existed. While interest begins to accrue from the date of entry of the judgment fixing the amount of compensation, it is not allowed if the condemnation action is subsequently abandoned.

California eminent domain law specifically allows a condemnor to abandon a condemnation proceeding. The statutory scheme "contemplates instances in which the governmental entity proceeds to judgment and yet elects not to convert private property to public use." (*Klopping* v. *City of Whittier* (1972) 8 Cal.3d 39, 56 [104 Cal.Rptr. 1, 500 P.2d 1345]; *City of Torrance* v. *Superior Court* (1976) 16 Cal.3d 195, 209 [127 Cal.Rptr. 609,

---

[1]The sum of $3,271,458 was derived as follows: $3,670,000 awarded by the jury plus $525,458 in severance damages stipulated by the parties less the State's prior deposit in court of $924,000 which had been withdrawn by the Railroads on August 26, 1983.

545 P.2d 1313].)[2] The abandonment statute, Code of Civil Procedure section 1268.510,[3] like its predecessor section 1255a, was designed to provide the flexibility necessary to protect the public plaintiff from being required to take property it no longer needs. (*City of Torrance, supra,* 16 Cal.3d at p. 209; see also 5 Witkin, Summary of Cal. Law (8th ed. 1974) Constitutional Law, § 573, p. 3871) by providing that abandonment may occur even after judgment so long as a written notice of abandonment is served on the condemnee and filed in court within 30 days after final judgment.[4]

Because such an abandonment provision is open to abuse, the statutory scheme contains certain protective features. Thus, the condemnee can have the abandonment set aside if he has so adversely changed his position in justifiable reliance on the proceeding that he cannot be made whole. (§ 1268.510, subd. (b); *City of Torrance, supra,* 16 Cal.3d at pp. 206-207.) There is also specific statutory authorization for the condemnor having certain post-abandonment liability. Thus, upon dismissal, the property owner is entitled to an award of litigation expenses, including costs, attorney fees and expert fees. (See §§ 1268.610, 1235.140.)[5]

 There is, however, no authority for the award of interest in an eminent domain action that has been abandoned. Indeed, the case law is to the contrary and precludes recovery for interest.

---

[2]*A condemnor may wish to abandon condemnation proceedings for various reasons, e.g.,* a change of plans, failure of a bond election, inability to secure the subject property for an acceptable price. (Condemnation Practice in Cal. (Cont.Ed.Bar 1973), § 8.31, pp. 192-193.)

[3]Unless otherwise stated, all statutory references are to the Code of Civil Procedure.
Section 1268.510 provides: "(a) At any time after the filing of the complaint and before the expiration of 30 days after final judgment, the plaintiff may wholly or partially abandon the proceeding by serving on the defendant and filing in court a written notice of such abandonment. [¶] (b) The court may, upon motion made within 30 days after the filing of such notice, set the abandonment aside if it determines that the position of the moving party has been substantially changed to his detriment in justifiable reliance upon the proceeding and such party cannot be restored to substantially the same position as if the proceeding had not been commenced. [¶] (c) Upon denial of a motion to set aside such abandonment or, if no such motion is filed, upon the expiration of the time for filing such a motion, the court shall, on motion of any party, enter judgment wholly or partially dismissing the proceeding."

[4]The judgment, which is sometimes called "interlocutory," declares the public agency's right to take and fixes the amount of compensation. (§ 1235.130.) It is an appealable order and the right to interest attaches to it. The public agency, however, has the right to abandon until 30 days after the final judgment which is defined as when all possible direct attack by appeal, motion for new trial, or motion to vacate has been exhausted. (§ 1235.120.)

[5]Where, unlike here, the condemnee had been dispossessed, there is also a provision for redelivery of possession and damages caused by the proceeding and its dismissal. (§ 1268.620.)

*Capistrano Union High School Dist.* v. *Capistrano Beach Acreage Co.* (1961) 188 Cal.App.2d 612, 615 [10 Cal.Rptr. 750, 92 A.L.R.2d 349], addressed the issue posed here of the right to interest on a judgment in a condemnation proceeding post-abandonment under former section 1255a. It held that upon dismissal, the condemnee had no right to receive interest on the previously entered judgment fixing the amount of compensation to be paid for the proposed taking.

The *Capistrano* court reversed an award of interest given by the trial court. The court recognized that this interlocutory judgment "has the characteristics of a money judgment in an ordinary civil action and bears interest from date of entry" and the condemnee would have been entitled to recover the accrued interest if the judgment had been enforced. (188 Cal.App.2d at p. 614.) However, the statute on abandonment and dismissal (former § 1255a) "measures the full authority of the court in a proceeding to dismiss" on account of abandonment and does not provide for interest. (*Id.,* at p. 616.) By timely abandoning the proceeding, the public agency "avoids the obligation imposed by the judgment" to pay the principal and interest "and assumes a 'new and different obligation' imposed by the statute which permits such abandonment and authorizes entry of a judgment of dismissal together with an award for costs and disbursements including attorney's fees." (*Id.,* at p. 615.) Since the right to interest springs from, and is attached to the judgment, recovery of interest is dependent on that judgment. But "[s]imultaneously with dismissal of the instant eminent domain proceeding, the interlocutory judgment therein ceased to exist and [thus] an award permitting the recovery of interest thereon was not authorized." (*Id.,* at p. 616.)

We agree with the *Capistrano* court and find its rationale persuasive. Thus, in the instant case, since the Railroads' claim to postjudgment interest is based on the nonexistent, nonenforceable portion of the judgment abandoned herein, they are not entitled to recover the interest that had accrued. "[T]he *sine qua non* of payment of *interest* is the *entitlement* to some underlying sum made payable by the judgment." (*Santa Clarita Water Co.* v. *Lyons* (1984) 161 Cal.App.3d 450, 459 [207 Cal.Rptr. 698], italics in original.)

Railroads' reliance on *People* v. *Superior Court* (1956) 145 Cal.App.2d 683 [303 P.2d 628], is inapposite for the proposition that they are entitled to interest from the date the judgment was entered because in that case there was no abandonment, the property was acquired and the judgment was enforced. Indeed, the rationale of *People* v. *Superior Court, supra,* is consistent with the holding of *Capistrano.* The court in *People* v. *Superior Court*

expressly indicated, albeit in dicta, that "it was the obligation of this judgment—that is, the obligation to pay principal plus interest—that the [public agency] . . . was given the right to avoid and to assume a new and different obligation, by [the code section on abandonment]." (145 Cal.App.2d at p. 688; see also *Bellflower City School Dist.* v. *Skaggs* (1959) 52 Cal.2d 278, 282 [339 P.2d 848].)

Railroads claim that subsequent changes in the statutory scheme undercut the viability of *Capistrano*'s holding that there is no right to interest. Railroads argue that *Capistrano* should not be followed because the court therein did not have the benefit of the presently existing statute on interest which provides for an award of interest from date of entry of judgment where there has been no order for pretrial possession. (See § 1268.310 and former § 1255b.) They point out that at the time of the *Capistrano* decision, the statute on interest, former section § 1255b, provided only for interest where there was an order for early possession. Railroads claim that the 1961 amendment of former section 1255b (Stats. 1961, ch. 1613, § 10, p. 3450), six months after the *Capistrano* decision, significantly broadened the scope of the law by providing that an eminent domain award would draw interest from the earliest of three dates, entry of judgment, date of possession, or date after which the condemnor is authorized to take possession.

But prior to *Capistrano, supra,* 188 Cal.App.2d 612 case law had already clarified the law with respect to interest on a judgment in condemnation that was enforced. *Capistrano* was decided after, and expressly relied on the 1959 Supreme Court decision in *Bellflower City School Dist.* v. *Skaggs, supra,* 52 Cal.2d 278, which held that interest accrues from date of entry of the interlocutory judgment. The Law Revision Commission, in recommending the 1961 statutory change, made it clear the intention was merely to "gather the rules on interest in eminent domain cases" which "have been established both by cases and statutes" together "into one section." (Recommendation of the Cal. Law Revision Com. Relating to Taking Possession and Passage of Title in Eminent Domain Proceedings, B-9 (Oct. 1960).) The commission pointed out the established rule was that "[i]nterest upon the award in eminent domain cases runs from the date of entry of judgment unless possession is taken prior to entry of judgment, in which case interest is computed from the effective date of the order for possession." (*Ibid.*)

█ Moreover, in 1975 there was a comprehensive recodification of California eminent domain law. Yet the sections relating to abandonment and interest were reenacted without substantial change. (See *Santa Clarita Water Co.* v. *Lyons, supra,* 161 Cal.App.3d 450, 459; Condemnation Practice in Cal. (Cont.Ed.Bar Supp. 1984), § 8.31, p. 108; see also Cal. Law Revision

Com. com., 19A West's Ann. Code Civ. Proc., §§ 1268.510, 1268.610, 1268.620, 1268.310 (1982 ed.), pp. 165, 176-177, 181-182, 148.) While the reenacted statutes expanded the rights to litigation expenses to apply to all dismissals, not just abandonment (§ 1268.510), they still did not impose any postdismissal obligation to pay interest. If the Legislature had intended for interest to survive the judgment and be awarded upon abandonment and dismissal, it would have explicitly so provided, especially in view of the prior decisions in *Capistrano, supra,* 188 Cal.App.2d 612, and the analagous case of *People* ex rel. *Dept. Pub. Wks.* v. *Campus Crusade for Christ, Inc.* (1967) 255 Cal.App.2d 202 [63 Cal.Rptr. 67].[6]

Where statutes that have been judicially construed are reenacted in substantially the same terms, the Legislature is presumed to have adopted the construction as part of the law. (*In re Marriage of Skelley* (1976) 18 Cal.3d 365, 369 [134 Cal.Rptr. 197, 556 P.2d 297].) The failure of the Legislature to change the eminent domain law to provide for interest upon abandonment when the subject was generally before it and changes in other respects were made indicated its intent to leave the law as it stands in that unamended aspect. (See *Neumarkel* v. *Allard* (1985) 163 Cal.App.3d 457, 465 [209 Cal.Rptr. 616].)

Recent case law supports the trial court's decision herein and precludes Railroads relying upon section 1268.310 as authorization for entitlement to interest here. In *Santa Clarita Water Co.* v. *Lyons, supra,* 161 Cal.App.3d 450, the appellate court reversed an award of interest on the condemnation award which had been retained after the condemnor had abandoned the condemnation action. Upon abandonment and dismissal after judgment, the trial court had awarded interest on the basis of section 1268.310, which provides that the compensation awarded in the proceeding shall draw legal interest from the earliest of the date of entry of judgment, possession, or authorization for possession. Rejecting the applicability of that section where there has been an abandonment, the court pointed out that it had found "no statutory authority . . . for awarding interest on an award that has not been paid to the condemnee." (*Id.,* at p. 459.) The court also stated

---

[6]In *Campus Crusade,* where the condemnor took possession but then abandoned before judgment, the court held there was no entitlement to prejudgment interest upon abandonment. In denying interest, the court relied on the same rationale as *Capistrano, supra.* The court pointed out: "The right to interest springs from the judgment. [Citations.] In the instant case, the state having abandoned the action, defendant's right to interest on the damages it would have suffered had the access rights been permanently taken never materialized. [¶] By abandoning the action the state's obligation was limited to that provided by [the section for payment of damages for loss where there had been possession]. That section does not impose an obligation to pay, as theoretical damages or otherwise, interest on the damages which the condemnee would have suffered had the property been permanently taken. [Citation.]" (255 Cal.App.2d at pp. 204-205.)

it could find "no case allowing interest on the now nonexistent award." (*Id.,* at p. 460.)

■ There is no merit to Railroads' claim that depriving them "retroactively" of the interest on the judgment is "tantamount to an impairment of the obligation of this contract." The judgment herein was not a debt which the condemnor as judgment debtor was absolutely obligated to pay until the time for abandonment had passed. "[A]t the date of its entry the judgment did not create a present and unqualified obligation to pay money [citation], and . . . the property owners' right to the award could [be] defeated by [the condemnor's] exercise of its power to abandon the proceedings." (*Bellflower City School Dist.* v. *Skaggs, supra,* 52 Cal.2d at p. 281.)

■ Nor are we persuaded by Railroads' contention that the "just compensation" clause of the California Constitution[7] compels payment of interest to them on the judgment in eminent domain herein. We recognize that the "element of 'just compensation' is constitutionally required and 'cannot be made to depend upon state statutory provisions.'" (*Redevelopment Agency* v. *Gilmore* (1985) 38 Cal.3d 790, 797 [214 Cal.Rptr. 904, 700 P.2d 794].) Under both the federal[8] and state Constitutions, when private property is taken for public use, "'[t]he just compensation to which the owner is constitutionally entitled is the *full and perfect* equivalent of the property taken.'" (*Redevelopment Agency* v. *Gilmore, supra,* 38 Cal.3d at pp. 796-797, quoting from *Seaboard Air Line Ry.* v. *U.S.* (1923) 261 U.S. 299, 304 [67 L.Ed. 664, 669, 43 S.Ct. 354].) "This 'means substantially that *the owner shall be put in as good a position pecuniarily as he would have been if his property had not been taken.*'" (*Redevelopment Agency, supra,* 38 Cal.3d at p. 797, italics in original.)

Railroads cite no authority, nor has our research uncovered any, for the proposition that just compensation compels the payment of interest from time of judgment to dismissal in an abandoned proceeding where there was no taking of possession.[9]

---

[7]Article I, section 19 of the California Constitution provides that "[p]rivate property may be taken or damaged for public use only when just compensation, ascertained by a jury unless waived, has first been paid to, or into court for, the owner."

[8]Railroads certainly are not entitled to interest under the federal constitution. In *Kirby Forest Indus. Inc.* v. *United States* (1984) 467 U.S. 1 [81 L.Ed.2d 1, 11, 104 S.Ct. 2187], the United States Supreme Court unanimously held that in the normal straight condemnation proceeding where the government does not take possession and title until after judgment and full payment, no interest is due on the award because the "taking" and compensation are contemporaneous.

[9]*People* v. *Superior Court, supra,* 145 Cal.App.2d 683, is inapplicable since, as previously noted, it involved a judgment that was enforced, not abandoned. Moreover, the court in that case adopted the interest rate as the measure of damage for the delay in paying the judgment because there was no evidence of any rents, issues, or profits after the judgment.

In *Redevelopment Agency* v. *Gilmore, supra,* our Supreme Court noted that "[i]nterest as a required element of just compensation is intended as reimbursement for *delay* between the *loss* of possession and use (i.e., the taking) and final payment. . . ." (38 Cal.3d at p. 798, fn. 7.) But here there was not only no final payment, because the proceeding was timely abandoned, but also no showing of loss of possession and use—i.e., taking in the interim between judgment and dismissal.

■ As Railroads correctly point out, the issue of just compensation expresses a principle of fairness and not a technical rule of procedure. Fairness would require that they be made whole in case of an abandonment if there had in fact been detrimental reliance on the condemnation proceedings. (See *Santa Clarita Water Co.* v. *Lyons, supra,* 161 Cal.App.3d at p. 459; see also *City of Torrance* v. *Superior Court, supra,* 16 Cal.3d 195.) But Railroads never showed any detrimental reliance nor any damages. Railroads cannot complain of a delay in the use of the money because they had no absolute right to any payment since the obligation to pay was defeasible until the time for abandonment had passed—and the property was abandoned, not acquired. Nor have they shown a loss of use of the property. Railroads are asking for a windfall at the public's expense. Their own records prove that they had uninterrupted possession and undiminished use of all the property from the date of entry of judgment until dismissal.

The judgment is affirmed. Each side is to bear its own costs on appeal. (§ 1268.720.)[10]

Lillie, P. J., and Johnson, J., concurred.

Appellants' petition for review by the Supreme Court was denied July 9, 1986.

---

[10]Although the basic rule allows the condemnee costs on appeal in an eminent domain case, even in the event of an appeal by the condemnee that fails, section 1268.720 authorizes the court to deviate from this principle. (See Cal. Law Revision Com. com., 19A West's Ann. Code Civ. Proc., § 1268.720 (1982 ed.), pp. 188-189.) Accordingly, under the particular circumstances of this case, we exercise our discretion to order that each side bear its own costs on this appeal.