[No. F003266. Fifth Dist. Jan. 7, 1985.]

EMILY NEUMARKEL et al., Plaintiffs and Appellants, v.
JOHN B. ALLARD, as County Superintendent of Schools, etc.,
Defendant and Respondent.

**[Opinion certified for partial publication.[1]]**

[1]Part II of this opinion is not certified for publication. (Cal. Rules of Court, rules 976 and 976.1.)

458

**COUNSEL**

Thomas C. Agin for Plaintiffs and Appellants.

Michael H. Krausnick, County Counsel, John F. Christensen, Assistant County Counsel, and Colleen D. Craig, Deputy County Counsel, for Defendant and Respondent.

Robert J. Henry, Jacqueline M. Gong; Charles R. Mack, County Counsel (Yolo), Jan K. Damesyn, Senior Deputy County Counsel, Dwaine L. Chambers, Garlin E. Gentry, Victor J. Westman, County Counsel (Contra Costa), Peter J. Lucey, Deputy County Counsel, Thomas D. Bowman, County Counsel (Tulare), Ronald K. Uchiumi, Ronald Barbatoe, District Attorney (Trinity), and William W. Ballew, Assistant District Attorney, as Amici Curiae on behalf of Defendant and Respondent.

**OPINION**

**HAMLIN, J.**—Appellants Emily Neumarkel, Darellea Corbett, Linda Bell, Rosemary Hawkins and Kathleen Holmberg appeal from a judgment of the superior court denying their petition for a writ of mandate. They sought to compel respondent John B. Allard, County Superintendent of Schools of Stanislaus County, to reinstate them to their positions of employment with respondent because of failure to comply with Education Code sections 44949 and 44955[2] termination procedures.

The principal issue on appeal is whether certificated employees of county superintendents who were never employed in teaching positions acquired tenure and tenure-related benefits, including the right to sections 44949 and

---

[2]All statutory references are to the Education Code unless otherwise stated.

44955 termination procedures. We will conclude that appellants were not probationary or permanent certificated employees and thus were not entitled to tenure or tenure-related benefits.

### FACTUAL AND PROCEDURAL BACKGROUND

Appellants were certificated employees of respondent in administrative, supervisory or support staff positions. Petitioner Corbett was employed as a psychologist, while petitioners Neumarkel, Holmberg, Bell and Hawkins were nurses. None of the appellants held teaching positions with respondent.

On March 15, 1983, respondent served notice on appellants, pursuant to sections 44949 and 44955, that they would not be reemployed for the 1983-1984 school year because respondent intended to reduce or discontinue particular kinds of services.

Appellants requested and were given a hearing before an administrative law judge (ALJ). The ALJ held that appellants did not have probationary or permanent status because they had not rendered teaching services and thus were not entitled to sections 44949 and 44955 termination procedures. He also found that even if sections 44949 and 44955 applied, respondent had complied with them. Finally, the ALJ concluded that respondent was not estopped to deny that appellants held probationary or permanent employment status by respondent's "Notice of Employment Status" to these appellants describing their status as regular probationary or regular permanent employees. He found that the classifications on the notices were due to a mistake of fact and were not intended to afford appellants the status shown on the notices. He also found that appellants did not detrimentally rely on the status stated in the notices.

After respondent adopted the ALJ's decision as his decision on May 5, 1983, effective May 15, 1983, appellants filed a petition for writ of mandate in the Stanislaus County Superior Court. The court denied the writ and sustained respondent's decision to terminate appellants. Appellants appealed from the ensuing judgment.

### DISCUSSION

I. *Did appellants' employment status entitle them to section 44949 or section 44955 termination rights?*

A trial court's findings, and not those of the ALJ, will be reviewed on appeal. (*Alba* v. *Los Angeles Unified School Dist.* (1983) 140 Cal.App.3d 997, 1005 [189 Cal.Rptr. 897]; *Moran* v. *Board of Medical Examiners*

(1948) 32 Cal.2d 301, 308-309 [196 P.2d 20].) In this case the trial court adopted the ALJ's findings.

The lower court's decision will only be reversed if it is based on an erroneous conclusion of law. (E.g., *Alba* v. *Los Angeles Unified School Dist., supra,* 140 Cal.App.3d at p. 1005.) "Where the facts are not in conflict and the issue involves the proper application of a statute or administrative regulation, a reviewing court is not bound by the trial court's determination." (*Shoban* v. *Board of Trustees* (1969) 276 Cal.App.2d 534, 541 [81 Cal.Rptr. 112]. See also *Western Contracting Corp.* v. *State Board of Equalization* (1968) 265 Cal.App.2d 568, 575 [71 Cal.Rptr. 472]; *California Sch. Employees Assn.* v. *Willits Unified Sch. Dist.* (1966) 243 Cal.App.2d 776, 781 [52 Cal.Rptr. 765].)

The facts in this case are not in issue. Resolution of this issue turns on the interpretation of sections 1294, 44949 and 44955. Therefore, this court is not bound by the trial court's determination.

The principles we are required to follow in interpreting the statutes in controversy are well established. ■ Courts must ascertain legislative intent so as to effectuate a law's purpose. (*Select Base Materials* v. *Board of Equal.* (1959) 51 Cal.2d 640, 645 [335 P.2d 672]; *Palos Verdes Faculty Assn.* v. *Palos Verdes Peninsula Unified Sch. Dist.* (1978) 21 Cal.3d 650, 658 [147 Cal.Rptr. 359, 580 P.2d 1155].) "In the construction of a statute . . . the office of the judge is simply to ascertain and declare what is . . . contained therein, not to insert what has been omitted, or to omit what has been inserted; . . ." (Code Civ. Proc., § 1858.) ■ Legislative intent will be determined so far as possible from the language of statutes, read as a whole, and if the words are reasonably free from ambiguity and uncertainty, the courts will look no further to ascertain its meaning. (See generally *Palos Verdes Faculty Assn.* v. *Palos Verdes Peninsula Unified Sch. Dist., supra,* at pp. 658-659.) ■ " 'The court should take into account matters such as *context,* the object in view, the evils to be remedied, the history of the times and of *legislation upon the same subject,* public policy, and contemporaneous construction.' " (*Cossack* v. *City of Los Angeles* (1974) 11 Cal.3d 726, 733 [114 Cal.Rptr. 460, 523 P.2d 260], quoting *Alford* v. *Pierno* (1972) 27 Cal.App.3d 682, 688 [104 Cal.Rptr. 110], italics added.) ■ "Moreover, the various parts of a statutory enactment must be harmonized by considering the particular clause or section in the context of the statutory framework as a whole." (*Palos Verdes Faculty Assn.* v. *Palos Verdes Peninsula Unified Sch. Dist., supra,* 21 Cal.3d at p. 659. See also *Select Base Materials* v. *Board of Equal., supra,* 51 Cal.2d at p. 645.)

■ Education Code sections bearing upon the same subject should be read and construed together. (E.g., *Certificated Employees Council* v. *Mon-*

*terey Peninsula Unified Sch. Dist.* (1974) 42 Cal.App.3d 328, 333 [116 Cal.Rptr. 819].) "[W]hen a general and particular provision are inconsistent, the latter is paramount to the former. So a particular intent will control a general one that is inconsistent with it." (Code Civ. Proc., § 1859.)

This case requires us to decide issues of first impression. No legislative reports or cases are available to reveal the legislative intent behind section 1294 as it pertains to the instant case. That section provides in pertinent part: "Each person employed by a county superintendent of schools in a position requiring certification qualifications . . . has the same right . . . to leaves of absence, sick leave, and bereavement leave as a person employed by a school district . . . in a position requiring certification qualifications.

"The provisions of Sections 22724, 44844, 44845, 44922, 44949, 44955, 44962 to 44976, inclusive, 44977, 44978, 44979, 44983, 44984, 44985, 44987, 87413, 87414, 87740, 87743, 87763 to 87779, inclusive, 87780, 87781, 87782, 87786, 87787, and 87788 apply to persons so employed by a county superintendent of schools . . . .

". . . . . . . . . . . . . . . . . . . . . . . . . . ."

The sections made applicable to respondent's employees with which we are concerned are sections 44949 and 44955. Section 44949 applies only to dismissal of probationary employees. In pertinent part section 44949[3] provided: "(a) No later than March 15 and before an employee is given notice by the governing board that his services will not be required for the ensuing year, the governing board and the employee shall be given written notice by the superintendent . . . and stating the reasons therefor.

"If a probationary employee has been in the employ of the district for less than 45 days on March 15, the giving of such notice may be deferred . . . .

". . . . . . . . . . . . . . . . . . . . . . . . . . .

"(b) The employee may request a hearing to determine if there is cause for not reemploying him for the ensuing year. . . .

"(c) In the event a hearing is requested by the employee, the proceeding shall be conducted and a decision made in accordance with Chapter 5 (com-

---

[3]This and other pertinent sections of the Education Code herein discussed were amended effective July 28, 1983. Since the 1983 amendments became effective after respondent gave notice to appellants and adopted his decision to terminate appellants, the amendments do not apply to the issues of this case.

mencing with Section 11500) of Part 1 of Division 3 of Title 2 of the Government Code . . . .

"(d) The governing board's determination not to reemploy a probationary employee for the ensuing school year shall be for cause only. . . .

"(e) Notice to the probationary employee by the governing board that his service will not be required for the ensuing year, shall be given no later than May 15.

"(f) If a governing board notifies a probationary employee that his services will not be required for the ensuing year, the board shall, within 10 days after delivery to it of the employee's written request, provide him with a statement of its reasons for not reemploying him for the ensuing school year.

". . . . . . . . . . . . . . . . . . . . . . . . . ."

Section 44955 applies only to termination of permanent and probationary employees. In pertinent part that section read: "No permanent employee shall be deprived of his or her position for causes other than those specified in Sections 44907 and 44923, and Sections 44932 to 44947, inclusive, and no probationary employee shall be deprived of his or her position for cause other than as specified in Sections 44948 to 44949, inclusive.

". . . whenever a particular kind of service is to be reduced or discontinued . . . and when in the opinion of the governing board of said district it shall have become necessary . . . to decrease the number of permanent employees in said district, the said governing board may terminate the services of not more than a corresponding percentage of the certificated employees of said district, permanent as well as probationary, at the close of the school year; . . .

". . . . . . . . . . . . . . . . . . . . . . . . ."

■ A statute dealing expressly with a particular subject controls and takes priority over a general statute. (Code Civ. Proc., § 1859, Civ. Code, § 3534.) ■ Therefore, appellants must be either permanent or probationary employees to receive section 44949 or 44955 benefits.

Respondent's authority to employ persons requiring certification qualifications is set forth in section 1293: "A county superintendent of schools may enter into contracts of employment with persons employed by him in positions requiring certification qualifications for periods of not to exceed

the end of the school year in which the term for which the county superintendent of schools was elected or appointed expires and in no event, for more than four years and six months.''

Since section 1293 limits respondent's authority to contract with appellants to periods not to exceed the end of a school year term for which he was elected or appointed, respondent acted within his authority by entering into contracts with each appellant for the 1982-1983 school year. Section 1293 also limits such contracts to four years and six months. Nothing in this section grants permanent status to certificated employees. To the contrary, a maximum contract employment period is set forth.

Section 1293 limitations were modified by section 1296 as follows: ''If the average daily attendance of the schools . . . maintained by a county superintendent . . . is 250 or more, each person who, after being employed for three complete consecutive school years . . . in a teaching position . . . requiring certification . . . shall be classified as and become a permanent employee of the county superintendent of schools.

''Such an employee shall have the same rights and duties as employees of school districts to which Section 44882 applies.''[4]

Respondent maintains schools with an average daily attendance of 250 or more and does employ persons in ''teaching positions.'' Therefore, each person employed in a ''teaching position'' for the requisite period becomes a permanent employee with the same rights as provided school district permanent employees, including section 1294 and the rights under section 44955 which section 1294 makes applicable. Those rights are the same as school district employees acquire under section 44882, which provided: ''Every employee of a school district of any type or class having an average daily attendance of 250 or more who, after having been employed by the district for three complete consecutive school years in a position or positions requiring certification qualifications is reelected for the next succeeding school year to a position requiring certification qualifications shall, at the

---

[4]Section 1296 was amended after appellants' hearing. (Stats. 1983, ch. 498.) Nonsubstantial changes were made to the portion cited above. Subdivision (a) was inserted at the beginning of the first paragraph. A third paragraph was added which made subdivision (a) applicable to probationary employees whose probationary period began *prior* to the 1983-1984 school year. Subdivision (b) was added and is applicable to probationary employees whose probationary period began *during or after* the 1983-1984 school year. For these employees, two complete consecutive school years are required to gain permanency if reelected for the succeeding school year. Significantly, the Legislature again used the language ''in a teaching position'' in subdivision (b) as amended.

commencement of the succeeding school year be classified as and become a permanent employee of the district."[5]

While a county superintendent employee must be in a "teaching position" to acquire permanency, a school district employee need *only* be in a position requiring certification. The latter includes administrative positions and non-teaching positions, while the former must necessarily be limited to class-room instruction. This result is mandated by the policy that "various parts of a statutory enactment must be harmonized by considering the particular clause or section in a context of the statutory framework as a whole." (*Palos Verdes Faculty Assn.* v. *Palos Verdes Peninsula Unified Sch. Dist., supra,* 21 Cal.3d at p. 659.) A broader meaning to "teaching positions" would make the term meaningless, since the language following "requiring certi-fication qualifications" alone encompasses all academic positions.

Moreover, when section 44882 was amended in 1983, the Legislature left intact the language "in a position requiring certification qualifications." While amending sections 1296 and 44882, the Legislature must have known the obvious language differences and have chosen to retain the requirement that a county superintendent employee be in a "teaching position" to ac-quire permanency.

In *San Diego Union* v. *City Council* (1983) 146 Cal.App.3d 947, 956 [196 Cal.Rptr. 45], the court stated: " 'It is assumed that the Legislature has in mind existing laws when it passes a statute. [Citations omitted in original.] "The failure of the Legislature to change the law in a particular respect when the subject is generally before it and changes in other respects are made is indicative of an intent to leave the law as it stands in the aspects not amended." [Citation omitted in original.]' [Citations omitted.]"

Another distinction between employees of a school district and those of a county superintendent is that a school district employee in an administrative or supervisory position, or in both a teaching and adminis-trative position can acquire permanent status, while a similar county super-intendent employee cannot. Section 44897, which provides for permanent status in school districts, is not made applicable to county superintendents by section 1294.

---

[5]Section 44882 was amended after appellants' hearing. (Stats. 1983, ch. 498.) Subdivision (a) was added at the beginning of the paragraph cited above. A second paragraph made subdivision (a) applicable to probationary employees whose probationary period began prior to the 1983-1984 school year. In addition, subdivision (b) made probationary employees whose probationary period began during or after the 1983-1984 school year gain permanency after two complete consecutive school years if reelected for the succeeding school year.

Appellants were not employed by respondent in "teaching positions." Section 1296's "teaching position" requirement is not satisfied by appellants' administrative, supervisory, or support staff positions. (See generally §§ 44805, 44807 and 44910.)

Appellants contend there is no practical reason to conclude that the Legislature intended section 44897 to be applicable to *all* certificated school district employees and *only* to county superintendent certificated employees in teaching positions. This contention ignores the Legislature's recognition in section 1700 that the county superintendent is a separate legal entity performing a transitory function to meet the specific and limited needs of some school districts. (See also §§ 1741, 1752, 1761, 1771, subd. (b), and 1830, subd. (b).) It is reasonable to assume the Legislature's recognition of the county superintendents' transitory function caused it to recognize also their need to minimize the number of employees who enjoy tenure and tenure-related benefits. In any event, it is not the function of this court to rewrite the controlling statutory provisions to correct what *might* appear to have been intended. (See, e.g., *Lucas* v. *Los Angeles* (1938) 10 Cal.2d 476, 485 [75 P.2d 599].)

We conclude that appellants do not possess permanent or probationary status and therefore are not entitled to the termination benefits of sections 44949 and 44955. This conclusion makes it unnecessary to consider whether they actually received the benefits of those sections.

II. *Is respondent estopped to deny appellants' probationary or permanent status by his earlier notice to petitioners that such was their employment status?* *

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

The judgment denying the writ of mandate and discharging the alternative writ of mandate is affirmed. Respondent shall recover his costs on appeal.

Franson, Acting P. J., and Hardin, J.,† concurred.

---

*See footnote 1, *ante,* page 457.

†Assigned by the Chairperson of the Judicial Council.