[No. B019867. Second Dist., Div. Five. Apr. 19, 1988.]

REDEVELOPMENT AGENCY OF THE CITY OF POMONA,
Plaintiff and Respondent, v.
KENNETH B. HELLER, as Trustee, etc., Defendant and Appellant.

**COUNSEL**

Raiskin & Reviz and Daniel L. Raiskin for Defendant and Appellant.

Palmieri, Tyler, Wiener, Wilhelm & Waldron, Robert F. Waldron and Patrick A. Hennessey for Plaintiff and Respondent.

**OPINION**

**ASHBY, Acting P. J.**—Respondent Redevelopment Agency of the City of Pomona filed a complaint in eminent domain against appellant Kenneth B. Heller as trustee, to acquire appellant's real property for a redevelopment project. Subsequently respondent abandoned this eminent domain proceeding. (Code Civ. Proc., § 1268.510.)[1] More than 30 days after notice of abandonment, appellant filed opposition to respondent's motion to dismiss the proceeding, and requested leave to file a second amended answer to the complaint in eminent domain, seeking to recover monetary damages for

---

[1] All section references hereafter to the Code of Civil Procedure unless otherwise indicated.

precondemnation delay under *Klopping* v. *City of Whittier* (1972) 8 Cal.3d 39 [104 Cal.Rptr. 1, 500 P.2d 1345]. The court denied appellant's request for leave to file a second amended answer, and dismissed the action. Appellant appeals from the judgment of dismissal.

■ We hold that the trial court properly dismissed the eminent domain proceeding and that appellant's claim for *Klopping* damages must now be pursued by a separate action for inverse condemnation.

A public agency files a complaint in eminent domain in order to acquire property for a public purpose. (*Klopping* v. *City of Whittier, supra,* 8 Cal.3d at p. 43.) Section 1268.510 gives the condemning agency the power to abandon the eminent domain proceeding, which is important to protect the public plaintiff from being required to take property it no longer needs. (*Klopping* v. *City of Whittier, supra,* 8 Cal.3d at p. 56; *People* ex rel. *Dept. of Transportation* v. *Union Pacific Land Resources Corp.* (1986) 179 Cal.App.3d 307, 311-312 [224 Cal.Rptr. 487]).[2] ■ The statute contains a limited exception, in subdivision (b), that within 30 days after the filing of notice of abandonment the court may set aside the abandonment, if the position of the moving party has been substantially changed to his detriment in justifiable reliance upon the proceeding and such party cannot be restored to substantially the same position as if the proceeding had not been commenced. (*City of Torrance* v. *Superior Court* (1976) 16 Cal.3d 195, 202-206 [127 Cal.Rptr. 609, 545 P.2d 1313].) Under this provision, the condemning agency can be compelled to proceed to acquire the property. (*Id.,* 16 Cal.3d at pp. 207-209.)

■ Appellant in this case does *not* seek to require respondent to take his property. Rather, appellant seeks to recover *damages* (hereinafter *Klopping* damages) for allegedly unreasonable *precondemnation* conduct and delay by respondent. Appellant misplaces reliance on statements in various cases that *Klopping* damages are recoverable by the property owner by way of answer in an eminent domain proceeding initiated by the condemning

---

[2] Section 1268.510 provides: "(a) At any time after the filing of the complaint and before the expiration of 30 days after final judgment, the plaintiff may wholly or partially abandon the proceeding by serving on the defendant and filing in court a written notice of such abandonment.

"(b) The court may, upon motion made within 30 days after the filing of such notice, set the abandonment aside if it determines that the position of the moving party has been substantially changed to his detriment in justifiable reliance upon the proceeding and such party cannot be restored to substantially the same position as if the proceeding had not been commenced.

"(c) Upon denial of a motion to set aside such abandonment or, if no such motion is filed, upon the expiration of the time for filing such a motion, the court shall, on motion of any party, enter judgment wholly or partially dismissing the proceeding."

agency. Although such damages could properly have been reflected in an award of just compensation in an eminent domain action which proceeded to final judgment with the condemning agency acquiring the property, recovery of such damages cannot be achieved in the eminent domain proceeding when the condemning agency has exercised its right to abandon the proceeding. In order to recover such damages now, appellant must file an inverse condemnation action.

## DISCUSSION

*Klopping* was an inverse condemnation action filed by property owners complaining that the condemning agency had made public announcements of its intent to condemn the parcels owned by the plaintiffs, but had unreasonably delayed the actual institution of eminent domain proceedings. The plaintiffs claimed that the fair market value of their properties declined as a result of these announcements and that because of the condemnation cloud hovering over their property, they were unable to fully use their properties, resulting in damages reflected by loss of rental income. (*Klopping* v. *City of Whittier, supra,* 8 Cal.3d at pp. 42, 45-46.) The Supreme Court held that if the condemning agency acts unreasonably in issuing precondemnation statements, either by excessively delaying eminent domain action or by other oppressive conduct, and the property suffers diminution in market value as a result, the condemnee must be compensated for loss of rental income attributable to such precondemnation activity. (*Id.* at pp. 51-53.)

Appellant is now seeking *Klopping* damages. Appellant alleges in his proposed second amended answer that respondent unreasonably delayed in filing this condemnation action, casting a cloud of threatened condemnation over appellant's property, depressing its value, and depriving appellant of its use, and that respondent acted unreasonably and oppressively during negotiations.

The question is whether this proceeding is now an appropriate procedural vehicle for obtaining such damages. We hold that it is not. The condemning agency has abandoned this eminent domain proceeding and is entitled to have it dismissed. There is nothing left in this proceeding on which appellant's claim can act. Appellant cites no authority that he may prevent the abandonment of this proceeding solely in order to pursue his claim for monetary *Klopping* damages.

Appellant can cite statements in various cases that rental loss for unreasonable precondemnation conduct as described in *Klopping* may be claimed as a proper element of recovery in an eminent domain action (*Klopping,* 8 Cal.3d at p. 58), and may be raised by the property owner's answer to an

eminent domain complaint. (*Richmond Redevelopment Agency* v. *Western Title Guaranty Co.* (1975) 48 Cal.App.3d 343, 350-351 [122 Cal.Rptr. 434]; *Redevelopment Agency* v. *Contra Costa Theatre, Inc.* (1982) 135 Cal.App.3d 73, 79 [185 Cal.Rptr. 159] and fn. 2.) Appellant fails to appreciate, however, the context and theory underlying these statements.

The rationale of these cases is that such damages are recoverable as a "part of the eminent domain award." (*People* ex rel. *Dept. Pub. Wks.* v. *Peninsula Enterprises, Inc.* (1979) 91 Cal.App.3d 332, 353 [153 Cal.Rptr. 895]; *Klopping,* 8 Cal.3d at p. 58.) "This is because such damages constitute part of the eminent domain award and the just compensation payable to the property owners." (*Richmond Redevelopment Agency* v. *Western Title Guaranty Co., supra,* 48 Cal.App.3d at p. 350; *Klopping,* 8 Cal.3d at pp. 43, 58.) The statements cited by appellant, that *Klopping* damages may be recovered by answer to an eminent domain proceeding, are based on the assumption of an eminent domain proceeding which continues to final judgment with the agency acquiring the property and the owner being compensated. They do not support appellant's position that such damages are recoverable in an eminent domain action which has been abandoned and terminated.

Thus, *Richmond Redevelopment Agency* v. *Western Title Guaranty Co., supra,* 48 Cal.App.3d 343 and *Redevelopment Agency* v. *Contra Costa Theatre, Inc., supra,* 135 Cal.App.3d 73, relied upon by appellant, were appeals from eminent domain actions which had proceeded to final judgment taking the property and awarding compensation. In *Klopping* itself, the agency filed a (first) eminent domain proceeding which it abandoned, then later filed a (second) eminent domain action which proceeded to final judgment. The Supreme Court held that the plaintiff Klopping's separate inverse condemnation action was barred by res judicata because Klopping could have obtained his loss of rental income damages in the second eminent domain action *which proceeded to final judgment.* (*Klopping,* 8 Cal.3d at p. 58.)

Appellant cites *Tilem* v. *City of Los Angeles* (1983) 142 Cal.App.3d 694 [191 Cal.Rptr. 229], but that case tends to support respondent's position that in light of the abandonment of this eminent domain proceeding, appellant's remedy is an action in inverse condemnation. In *Tilem* there were two independent actions, an eminent domain complaint filed by the city, and an inverse condemnation complaint filed by Tilem. The two actions were consolidated "but just a month before trial, the City abandoned its action *and the matter was tried on Tilem's complaint.*" (*Id.,* 142 Cal.App.3d at p. 698, italics added.) Appellant also cites *Jones* v. *City of Los Angeles* (1979) 88 Cal.App.3d 965 [152 Cal.Rptr. 256], but that was an inverse condemnation action.

The discussion of res judicata in the *Klopping* case (*Klopping,* 8 Cal.3d at p. 58) indicates that *Klopping* damages for loss of rental income due to unreasonable precondemnation activity may be recovered either in an eminent domain proceeding which proceeds to final judgment *or* in an inverse condemnation action, but not both. Where, as here, the eminent domain action will not proceed to final judgment because the agency has abandoned the proceeding, the property owner must resort to inverse condemnation because there is nothing left to the eminent domain proceeding. An analogous problem existed in *Agins* v. *City of Tiburon* (1979) 24 Cal.3d 266, 271 [157 Cal.Rptr. 372, 598 P.2d 25], affirmed (1980) 447 U.S. 255. There the city filed a complaint in eminent domain to acquire the property but subsequently abandoned those proceedings. The owner was entitled to certain necessary expenses incurred during the pendency of the action, but also sought damages for "financial impairment during pendency of the eminent domain action of the owner's right to sell." The Supreme Court stated that the statutory remedy defining the recoverable litigation expenses was exclusive and did not include the claimed damages, and that "[a]ccordingly, there was no further cause of action available to plaintiffs by reason of the city's eminent domain proceeding." (*Id.,* 24 Cal.3d at p. 271.) Plaintiffs thereafter filed a complaint in inverse condemnation. (*Ibid.*)

Appellant contends that he should not be required to file a separate action for inverse condemnation but his argument is not persuasive. Appellant is entitled to have his allegations addressed, but it is procedurally illogical to litigate them in an eminent domain proceeding which has been abandoned. In *State of California* v. *Meyer* (1985) 174 Cal.App.3d 1061, 1071-1072 [220 Cal.Rptr. 884], the defendant property owners in an eminent domain proceeding failed, like appellant, to timely assert a claim for *Klopping* damages until after the State had abandoned the proceedings. The appellate court stated, "[t]hey would have been entitled to a trial on the issue of delay damages had they alleged them *and had the state not abandoned before trial.*" (*Ibid.,* italics added.) Although commenting that "[h]ow one obtains a trial on delay damages alleged by answer when the condemner abandons before trial is yet unresolved," the court *held* such damages could *not* be obtained by means of a cost bill in the abandoned eminent domain proceeding. (*Id.,* at p. 1072.) The court reasoned that a cost bill proceeding was inappropriate because *Klopping* damages involve "a full-blown lawsuit with a threshold determination of liability for unreasonable precondemnation conduct to be determined by the court and a right to jury trial on the amount of damages." (*Id.,* at p. 1072.) In light of this reasoning, there is nothing unfair or duplicative in requiring appellant in this case to file a separate inverse condemnation action.

The judgment of dismissal is affirmed.

Boren, J., and Hastings, J.,* concurred.

---

*Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairperson of the Judicial Council.