[No. F009058. Fifth Dist. June 2, 1989.]

REDEVELOPMENT AGENCY OF THE CITY OF FRESNO,
Plaintiff and Appellant, v.
ARAM ERGANIAN et al., Defendants and Respondents.

**[Opinion certified for partial publication.*]**

---

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of part I.

**COUNSEL**

Dale E. Bacigalupi for Plaintiff and Appellant.

J. Steven Lempel for Defendants and Respondents.

## OPINION

**STONE (W. A.), Acting P. J.**—In this appeal from an order following judgment in condemnation we are called upon to resolve a question specifically left unanswered by the Supreme Court in *Redevelopment Agency* v. *Gilmore* (1985) 38 Cal.3d 790 [214 Cal.Rptr. 904, 700 P.2d 794]. ■ When a condemning authority deposits with the court an amount as probable compensation, and the property owner chooses not to withdraw the deposit, what interest is the property owner due upon withdrawal? We conclude the property owner is entitled to interest at the legal rate, rather than the prevailing market rate, for the period of time the moneys remain on deposit. ■ In addition, we hold that in order to achieve just compensation, the property owner is entitled to interest at the prevailing market rate on all amounts in excess of the deposit of probable compensation until the judgment is paid, whether those amounts are due for the value of the property taken or for interest thereon.

### PROCEDURAL AND FACTUAL BACKGROUND

On August 17, 1981, appellant, the Redevelopment Agency of the City of Fresno (Agency), filed a complaint seeking condemnation of 21 parcels of real property in downtown Fresno. Several of these parcels were owned by respondents, Aram Erganian, Askanoosh Erganian, Aznive Erganian, Miche Erganian, Richard Erganian, and the O.K. Supermarket.

Agency invoked the early possession or "quick-take" provisions of the Eminent Domain Law, by which a condemning authority may take possession of condemned property prior to trial and judgment by depositing with the court the probable compensation as determined by appraisal (Code Civ. Proc.,[1] § 1255.010) and obtaining an order for possession (§ 1255.410). The landowner may apply to withdraw the deposit or any portion of it. (§ 1255.010 et seq.)

On August 19, 1981, two days after filing the complaint, Agency made a deposit with the court, whereupon the court authorized it to take possession of respondents' parcels on December 1, 1981. On September 29, 1983, respondents for the first time sought withdrawal from the deposit. Respondents received payment on November 14, 1983.

At trial, a jury fixed the value of the parcels at amounts in excess of the sums which had been deposited. Agency filed a notice of motion for an order to tax costs and assess interest. The trial court determined the respon-

---

[1] All statutory references are to the Code of Civil Procedure unless otherwise indicated.

dents were due payment of the balance, costs, and interest at the legal rate of 10 percent.

Respondents appealed the order, contending they were entitled to interest based on the market rate rather than the legal or statutory rate.

On April 23, 1986, this court filed its unpublished opinion in *Redevelopment Agency of the City of Fresno* v. *Erganian,* No. F004784. Relying on the then recently decided case of *Redevelopment Agency* v. *Gilmore, supra,* 38 Cal.3d 790, we reversed and remanded the proceeding "for a determination of the prevailing market rate of interest between the time the property was taken and final payment was made."

On remand, the trial court issued an order for interest based on the market rate as directed by this court and amended the judgment accordingly. By this appeal, Agency contends the trial court (1) misapplied the previous remittitur from this court and the holding in *Gilmore* "by awarding market rate interest as to the previously deposited portion of the condemnation award which respondents chose to leave on deposit and as to which respondents could at any time have obtained disbursement or reinvestment for their benefit at market rates"; and (2) the trial court misapplied "the holding in *Gilmore* by awarding market rate interest for the time periods following full payment of the judgment by [Agency] on August 31, 1984."

Respondents contend the prior opinion in this action has established that interest should be calculated on the basis of the prevailing market rate and the doctrine of law of the case precludes us from reconsidering that issue.

DISCUSSION

PART I*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

PART II

*The Rate of Interest for the Time Between Deposit and Withdrawal*

██  Because we have determined the doctrine of law of the case does not compel a conclusion the market rate must be used to calculate respondents' interest entitlement for the period between deposit by Agency and

---

* See footnote, *ante,* page 166.

withdrawal by respondents, we must address the question of what is the correct interest rate.

*Gilmore* recognizes the distinction between this question and the one it was addressing: "Because defendants withdrew the deposits, this case does not present the issue whether condemnees are limited to the statutory rate of interest on amounts they choose to leave on deposit with the court pending trial and judgment. (See §§ 1255.210, 1268.320.) Therefore, we do not decide that question. Defendants here make no claim that interest during the interval between deposit and withdrawal was wrongly computed. The federal Declaration of Taking Act (40 U.S.C. § 258a) expressly disallows all interest on amounts deposited in court. The theory is that the deposit satisfies the government's payment obligation *pro tanto,* and the deposit is 'available' for withdrawal by the condemnee; hence it cannot be considered a payment withheld or delayed (see discussion, *post*). (*United States* v. *Blankinship* (9th Cir. 1976) 543 F.2d 1272, 1275; but cf., *United States* v. *53¼ Acres of Land, etc.* (2d Cir. 1949) 176 F.2d 255, 258-259 [interest on deposit is allowable where condemnee is denied withdrawal on grounds it exceeds fair value, if condemnee is vindicated at trial].)" (*Redevelopment Agency* v. *Gilmore, supra,* 38 Cal.3d at p. 795, fn. 3.)

In order to focus more precisely on our present issue, we review *Gilmore* briefly. In that case the Agency, as permitted by the quick-take provisions of the California Eminent Domain Law, deposited "probable compensation" with the court for Gilmore's condemned property and took possession of the land prior to trial and judgment. At trial, the trier of fact determined the value of the property was significantly greater than the amount deposited by the Agency. The trial court calculated the difference between the value of the land and the deposit and awarded interest on the difference at the legal rate of 7 percent from the date the Agency took possession. At the time the prevailing market rate of interest was significantly higher than the legal rate. Gilmore claimed that the statute which provided interest at the legal rate was inconsistent with the just compensation clauses of the United States and California Constitutions. Our high court agreed, holding: "[I]f the government pays for condemned property only after taking and using it, the owners 'are entitled to have the *full* equivalent of the value of [its] use at the time of the taking paid contemporaneously with the taking.' (*Phelps* v. *United States* (1927) 274 U.S. 341, 344 [71 L.Ed. 1083, 1085, 47 S.Ct. 611], italics added.) An award in the nature of interest 'at a proper rate' is a 'fair and reasonable' reimbursement for the deferred payment. (*Seaboard, supra,* 261 U.S. at p. 306 [67 L.Ed. at p. 670]; see also *Albrecht* v. *United States* (1947) 329 U.S. 599, 602-603 [91 L.Ed. 532, 537-538, 67 S.Ct. 606].) This element of 'just compensation' is constitutionally required and 'cannot be made to depend upon state statutory provisions.' (*Seaboard, supra.*)

"California's Eminent Domain Law provides for interest on a delayed condemnation award but limits interest to the legal rate. (§ 1268.310.) It now seems clear, however, that a statutory interest ceiling cannot prevail where it falls short of constitutional 'just compensation' under the standard of *Seaboard* and *Phelps*. When the delay occurs during times of inflationary market interest rates which substantially exceed the statutory rate, application of the lower statutory limit denies the condemnee 'the full equivalent of the [property's] value . . . at the time of the taking paid contemporaneously with the taking.' (*Phelps, supra,* 274 U.S. at p. 344 [71 L.Ed. at p. 1085.)" (*Redevelopment Agency* v. *Gilmore, supra,* 38 Cal.3d at p. 797.)

"When the delay occurs . . ." is key to our discussion. *Gilmore* mandates application of the market rate *when the condemning agency delays payment.* Once the agency has deposited the probable value of the property taken, the Agency has not delayed payment of compensation, to the extent of the amount of the deposit. The landowner is entitled to that amount upon application. (§ 1255.010 et seq.)

While no California court has dealt with the narrow issue before us, we, like the Supreme Court in *Gilmore,* rely upon *United States* v. *Blankinship* (9th Cir. 1976) 543 F.2d 1272. That court, in analyzing whether a landowner may be constitutionally deprived of any interest on moneys held on deposit pursuant to the federal Declaration of Taking Act, stated: "Takings under the Act do not involve the payment of interest on the amount deposited in the court as an estimate by the acquiring party to be just compensation. The payment of such interest is specifically disallowed. This in no way contravenes the Fifth Amendment. The amount deposited is 'on account of the just compensation' and is available to the 'parties in interest.' [Citation.] With respect to this amount there is no delay in payment for which interest would compensate." (*Id.* at p. 1275.)

Respondents contend we cannot rely on *Blankinship* because, among other things, "[u]nder the Federal Declaration of Taking Act, the deposit of funds is not, as it is in California, a prerequisite to prejudgment possession. It is the ultimate taking. It transfers 'title to the said lands in fee simple absolute . . . and said lands shall be deemed to be condemned and taken for the use of the United States.' " However, with respect to this difference in the two eminent domain procedures, the *Gilmore* court stated: "[A]ny distinctions between the state and federal systems are not of constitutional significance in determining the date of taking. The 'title' which vests in the United States under the federal quick-take statutes is a 'defeasible' one; a federal condemnee, like his California counterpart, may still litigate the government's right to exercise the power of eminent domain against his property. [Citation.] Thus, except for absolute foreclosure of the govern-

ment's right to abandon under the federal law, the rights obtained and lost under the state and federal quick-take procedures are essentially the same." (*Redevelopment Agency* v. *Gilmore, supra,* 38 Cal.3d at p. 800.)"

We conclude the Fifth Amendment does not require payment of market rate interest for that period during which a landowner chooses not to withdraw moneys on deposit with the court.

Respondents advance other arguments why, under the quick-take provisions of the California Eminent Domain Law, deposited funds left unwithdrawn must be considered "delayed payments" qualifying for market rate interest. First, they point to section 1255.260, which provides: "If any portion of the money deposited pursuant to this chapter is withdrawn, the receipt of any such money shall constitute a waiver by operation of law of all claims and defenses in favor of the persons receiving such payment except a claim for greater compensation." According to respondents, having to make the choice between withdrawal of the probable compensation, with the corresponding waiver, and deprivation of access to the funds would be the equivalent of a delay in payment.

Respondents also argue that, in addition to the waiver provision of section 1255.260, a property owner who withdraws the condemning agency's deposit incurs a substantial risk. Under California law a condemning agency has the right to abandon the condemnation action, even after taking possession of the property or after entry of judgment. (§ 1268.510; *Redevelopment Agency* v. *Heller* (1988) 200 Cal.App.3d 517, 519 [246 Cal.Rptr. 160].)

Further, respondents assert: "Under the Internal Revenue Code and California law, a property owner has a fixed period within which to reinvest the proceeds of a condemnation action into like-kind property. If he fails to reinvest the proceeds within such period, he must pay income taxes on the 'gain.' The period begins on the date the taxpayer receives any portion of the award in excess of his 'basis.' *Casalina Corp.* (1973) 60 TC 694, aff'd (4th Cir. 1975) 511 F.2d 1162.

"Thus, withdrawal of the deposit starts the 'clock' for reinvestment of the award. Since the Agency retains the right of abandonment, the property owner must weigh the risk of committing such funds into *un-liquid* real estate. If the Agency does abandon, the property owner will be entitled to damages and litigation expenses (CCP Sections 1268.610 and 1268.620). He will also be faced with a judgment to repay the amount previously withdrawn. CCP Section 1255.280(a). Such funds, however, may well have been

invested in un-liquid like-kind property in order to obtain the benefits of the income tax deferral. . . .

"It is apparent, therefore, that withdrawal of the deposit is not a matter of 'choice, without penalty or risk.' Indeed, it subjects the condemnee to significant risk."

While respondents urge that in some other instances facts might compel a conclusion the market rate of interest on deposited funds is necessary to achieve just compensation, none of those circumstances is present in the case we consider. Respondents raised no claim or defense which would have been waived by a withdrawal. The Agency did not abandon the condemnation action, and respondents were not required to repay any part of the compensation award. Should these circumstances arise in a later case, the issue will be before a future court to determine whether the market rate of interest must be paid in order to achieve just compensation.

We have concluded the market rate of interest is not required to be paid on deposited funds under the authority of *Gilmore*. The question of the appropriate measure of interest remains. The answer is in section 1255.075—the legal rate of interest.

PART III

*The Trial Court Did Not Erroneously Order Interest Upon Interest*

■ We turn now to appellant's next assignment of error, the claim the trial court misapplied the holding in *Gilmore* by awarding market rate interest for the time periods following full payment of the judgment by appellant on August 31, 1984.

In calculating the interest owed, the trial court in its intended decision, found:

"1. Interest from 12-1-81
[date appellant was entitled
to possession of property]
to 11-14-83 [date respondents
received payment for parcels]
on $397,000 at market rate
of 13.49% =                                     $104,719.64

  "Less stipulated rental
    value offset                                62,475.00

| | |
|---|---:|
| "Unpaid interest 11-14-83 | $42,244.64 |
| "2. Interest from 11-15-83 to 3-31-87 on $42,244.64 at market rate of 12.45% = | 17,765.28 |
| "3. Interest from 12-1-81 to 8-31-84 on $66,000 difference between jury award and amount deposited and withdrawn at market rate of 13.49% = | $ 23,742.40 |
| "Less interest paid on 8-31-84 | 18,366.57 |
| "Unpaid interest as of 8-31-84 | 5,375.83 |
| "4. Interest from 8-31-84 to 3-31-87 on $5,375.83 at market rate of 12.45% = | 1,728.99 |
| "Total amount due defendants by plaintiff as of 3-31-87: | $67,114.74" |

On July 14, 1987, the trial court filed its "Order Amending and Affirming Final Judgment and Final Order in Condemnation" based on these computations.

Agency contends the calculations of interest in items numbered findings 2 and 4 are improper because they amount to interest on interest.

We have searched, without result, for authority on this issue from a California court.[2] The parties, likewise, have provided none. Apparently, the only case in which the issue was resolved is *United States* v. *Blankinship* (D.Ore. 1977) 431 F.Supp. 403 (*Blankinship II*). Upon remand from the Ninth Circuit Court of Appeals, the trial court in *Blankinship II* recomputed the proper interest rate to be awarded the defendants on the difference between the jury award and the government's deposit. (*Id.* at p. 404.) The court held: "One final adjustment must be made, however, due to the fact that this finding would have produced the interest component of just compensation in addition to that paid by the government in October 1975 [when judgment was entered] in favor of [defendant] Double-O-Bar of about

---

[2]*Salton Bay Marina, Inc.* v. *Imperial Irrigation Dist.* (1985) 172 Cal.App.3d 914, 961-962 [218 Cal.Rptr. 839] concludes compound interest is permissible in an inverse condemnation action.

$18,000 and [defendant] Lem Wilson of about $41,000. These amounts should have been paid if the landowners were to receive their full 'just compensation.' These two landowners did not, in fact, receive this money as of that date because of the pendency of the appeal. In effect, they have had to wait a period of about one and two-thirds more years to receive these funds. Therefore, they have a proper claim for interest on these funds which have been withheld from them during this time period. Such an award is not an impermissible grant of 'interest on interest,' but is simply an award of interest on the 'just compensation' improperly withheld from the land-owners since October 1975. [Citations.]" (*Ibid.*, fn. omitted.)

In light of the rationale of *Gilmore,* we conclude the reasoning of *Blankinship II* is correct. In order to receive the full equivalent of the value of the property taken, a property owner is entitled to interest at the prevailing market rate until both the award and any interest due are fully paid. To hold otherwise would deprive the property owner of just compensation.

Turning again to the calculations made by the trial court in its intended decision, the court must redetermine the interest due on the funds left on deposit at the legal rate from December 1, 1981, to November 14, 1983, as discussed in part II of this opinion. The corrected interest amount should then be used to calculate the interest at the market rate from November 15, 1983, forward. In all other respects, the trial court's interest determinations were correct.

The "Order Amending and Affirming Final Judgment and Final Order in Condemnation" is reversed. The trial court is directed to recalculate the interest awarded to respondents in accordance with parts II and III of this opinion.

Ardaiz, J., and Brown (G. A.), J.,* concurred.

A petition for a rehearing was denied June 22, 1989.

---

* Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairperson of the Judicial Council.