46 F.3d 1142
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
The MANCHESTER GROUP, a Nevada Corporation, et al.; Douglas
Manchester, an individual and as Trustee of the
Douglas F. Manchester and Elizabeth C.
Manchester Trust, Plaintiffs-Appellees,
v.
Len RONSON, an individual, Defendant-Appellant.
 No. 93-55708.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 5, 1994.*
Decided Jan. 23, 1995.
 
 Before: FARRIS, POOLE, and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 I.
 
 2
 Ronson appeals the district court's award of $334 for costs and $7,500 for attorneys' fees. State law governs the award of attorneys' fees in diversity actions. Hancock Labs., Inc. v. Admiral Ins. Co., 777 F.2d 520, 525 (9th Cir.1985). We review issues of state law de novo. Federal Deposit Ins. Corp. v. Lugli, 813 F.2d 1030, 1034 (9th Cir.1987). Under California law, the trial court's decision to award fees and the amount of fees to be awarded are reviewed for an abuse of discretion. County of Madera v. Forrester, 170 Cal.Rptr. 896, 900 (Cal.App.1981); accord Hancock Laboratories, 777 F.2d at 526.
 
 
 3
 The district court dismissed Manchester's declaratory judgment action because of the pending state court action. Consequently, Ronson has won an abstention dispute only. Ronson is not a prevailing party "on the contract." Cal.Civil Code Sec. 1717(a) (West Supp.1994); see generally Myers Bldg. Indus. v. Interface Technology, Inc. 17 Cal.Rptr.2d 242, 258 n. 21 (Cal.App. 2 Dist.1993) (stating that the party who prevails on the contract, rather than in the lawsuit, is the party entitled to attorneys' fees). The district court did not abuse its discretion by limiting the award of costs and fees to only those expenses associated with the abstention decision.
 
 
 4
 Ronson asserts that the denial of full fees and costs in this action will "permanently deny[ ] him those expenses." He is mistaken. The fact that his deposition expenses occurred before the start of the state court action does not necessarily mean that those expenses are unrecoverable. If Ronson prevails in state court and if Ronson can show that the expenses were used to further the state court action, there is no reason why a state court would not consider Ronson's request for fees, especially in a case where a federal court abstained because of the pending state court action.
 
 II.
 
 5
 The district court ordered Ronson's counsel to present an accounting to the magistrate judge. The magistrate judge found that Ronson's counsel did not identify the billing entries associated with the motion to dismiss. This finding is not clearly erroneous. See Price v. Seydel, 961 F.2d 1470, 1475 (9th Cir.1992) (stating that findings of fact are reviewed for clear error). Ronson's billing evidence might have been satisfactory had Ronson been the prevailing party for the entire case. Nevertheless, the billing evidence was not sufficiently detailed to indicate which expenses pertained solely to the motion to dismiss.
 
 
 6
 Because the billing evidence provided "no guidance," the magistrate judge relied on his fifteen years of experience as a fee arbiter and recommended costs of $334 and attorneys' fees of $7,500. The district court did not abuse its discretion by adopting the magistrate judge's recommendations.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3